### ADELAIDE E. POWE v. STATE.

1. A motion for arrest of judgment is properly refused when based solely upon an alleged deficiency of evidence to make out the case.
2. The act of March 25th, 1881, (*Pamph. L.* 1881, *p.* 240,) amending section 75 of the Crimes act, makes the intent to cause a miscarriage of a pregnant woman an essential element of the crime created; knowledge of the woman's condition is not an essential element of the crime, mere belief of the existence of pregnancy being sufficient, with other circumstances, to justify the inference of intent.

Error to the Essex Sessions.

Argued at November Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, MAGIE and PARKER.

For the plaintiff in error, *Samuel Kalish.*

For the state, *Oscar Keen.*

The opinion of the court was delivered by

MAGIE, J. This writ has brought before us the record of the conviction of plaintiff in error upon one count in an indictment framed under section 75 of the Crimes act, as amended by the supplement of March 25th, 1881, (*Pamph. L.* 1881, *p.* 240,) and charging her with having unlawfully, maliciously and without lawful justification, administered, &c., to one L. H., then and there pregnant with child, certain poisonous drugs, &c., with the intent unlawfully to cause and procure the miscarriage of said L. H.

After verdict, a motion was made for arrest of judgment upon the ground that the proofs had failed to show that L. H. was pregnant with child within the meaning of the statute, or pregnant with a living child. The motion was denied, and sentence pronounced.

The first error assigned and urged on the argument relates to the refusal to arrest the judgment.

The contention is that the words "pregnant with child" in this statute must be construed to mean a condition of a woman when her unborn offspring has passed the embryonic and fœtal stage, and become, in the common law sense, quick. This contention, which has been generally supposed, I think, to have been settled in *State* v. *Murphy*, 3 *Dutcher* 112, cannot be considered by us. In the first place, there is nothing before us to show that there was not some evidence of the existence of a child, within the meaning sought to be attributed to the statute. But besides, the motion was properly denied. Judgment can be arrested only for some cause appearing on the record. A lack of sufficient evidence is not a ground of arresting judgment. 1 *Chitty Cr. L.* 661; 1 *Archb. Cr. Pr. & Pl.* 671. If it was desired to raise the question so elaborately and ingeniously argued, it should have been done by a request to direct an acquittal or to charge in conformity with the contention. This objection cannot prevail.

The point raised by the other assignments of error relates to the instructions of the court on the ingredients of the statutory crime with which plaintiff in error was charged. It is insisted that the court erred in charging that a conviction on this count might follow, if the plaintiff in error gave L. H., then in fact pregnant, any hurtful medicine with the intent to produce a miscarriage, although the plaintiff in error did not know of the pregnancy. The court said, " The statute does not make knowledge of the pregnancy the test, but it does make the intent the test."

The language of the act is express in declaring that an intent to cause a miscarriage is an essential ingredient of the crime. There are no express words declaring that knowledge of the woman's condition is an essential ingredient of the crime. The charge of the court is therefore in line with the express requirements of the act.

But it is insisted that an intent to cause a miscarriage cannot exist without knowledge of the existence of the condition of pregnancy. If this be admitted, the charge was not neces-

sarily erroneous.  In this view, the charge would bear this meaning, viz.: knowledge—that is, absolute knowledge, independent of intent—is immaterial; but intent—that is, the purpose of the mind, including such knowledge as is essential to such intent—is material, and, in fact, the test of crime.

But knowledge of pregnancy, in the sense the word was evidently used in the charge and requests, is not necessary to the existence of that state of mind we call intent.  To justify an inference of an intent to cause a miscarriage, doubtless some knowledge of the physiology of the human body and of the effect of certain medicines upon a pregnant female must be proved or presumed.  But an intent to produce a miscarriage may exist without absolute knowledge of pregnancy. For example, if there exists in the mind a fully-formed belief that pregnancy exists, there may evidently exist as fully formed an intent to cause a miscarriage.  And if there be a mere suspicion that pregnancy exists, there may be an intent to cause a miscarriage if the suspected condition is in existence.  In either case the intent is formed, and that without actual knowledge of pregnancy.

If plaintiff in error desired that the court should explain what would justify an inference of intent, specific instructions should have been asked.  The whole charge is before us, and it is apparent that there was no lack of explicitness on the subject.

If the contention now made is successful, the act will evidently be deprived of all force in the prevention of this infamous—and, there is reason to believe, prevalent—crime. If, to obtain a conviction of those who ply this nefarious trade, it is essential to prove absolute knowledge of pregnancy, it is plain that the evidence can rarely, if ever, be obtained. The plain and obvious meaning of the act was not to require such proof, and the construction given it in this case conforms to the manifest intent of the legislature.

Nor does this construction in the least oppress the person charged.  The lack of knowledge of pregnancy may doubtless be given in evidence by the defendant in such an indictment,

so far as it would tend to show whether or not there was an intent to produce a miscarriage, and also whether or not the administration of medicines was malicious or without lawful justification.

The judgment below should be affirmed.