No. 13,646.

STATE OF LOUISIANA VS. OLIVER WASHINGTON.

|104  443|
|110  650|

SYLLABUS.

1. Whether a parent who inflicts corporal punishment on a child is acting in good faith, without passion, prompted by true parental love, is a matter which may be determined largely from the character of the injuries received by the child; and any instructions which would lead to the conclusion that it is incompetent for a jury to differ with the parent as to whether the latter has gone too far is misleading.

2. The crime denounced by Act No. 17 of 1888 is the wilful and malicious infliction with a dangerous weapon, or with intent to kill, of a wound less than mayhem, and, although an indictment charging the infliction of such a wound with a dangerous weapon may specify the character of the weapon used, as for instance "a piece of iron," it is not of the essence of the crime that it should have been committed with a weapon of that kind; hence, if it be proved without objection, that such a wound was wilfully and maliciously inflicted with a dangerous weapon of another kind, the defendant cannot thereafter insist upon the State proving that it was committed with the particular weapon specified in the indictment.

3. The action of the trial court in refusing a new trial where no special error of law is pointed out, and where no bill of exceptions, with testimony attached, is taken to the overruling of the motion for new trial, will not be reviewed in this court.

4. A complaint involving a matter of fact not patent on the face of the record, but which is made to appear only by the aid of testimony, cannot be the subject of a motion in arrest of judgment.

APPEAL from the Fourth Judicial District, Parish of Lincoln—
Dawkins, J.

Walter Guion, Attorney General, and F. F. Preaus, District Attorney (Lewis Guion, of counsel,) for Plaintiff, Appellee.

Barksdale & Barksdale for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. Defendant, indicted for inflicting a wound less than mayhem, was convicted of assault and sentenced to pay a fine of twenty dollars, or, in default of payment, to confinement in jail and work on the public roads. He has appealed and, through his counsel,

presents for the consideration of this court, certain bills of exception and motions which will now be considered.

1.   Bill of exception No. 1 is to the refusal of the court to charge that "if a parent acts in good faith, prompted by true parental love, without passion, inflicts no permanent injury on the child, he could not be punished merely because the jury, reviewing the case, do not think it was wise to proceed so far." The reasons of the judge for refusing to give the charge as requested are stated as follows, to-wit: "The court had charged the jury already that a parent had a right to chastise his child, but that the chastisement should be done in moderation, and when the correction was considered reasonable, the parent was to be considered blameless. The facts in the case disclosed that the father had beat his ten year old child with a switch and a walking cane to the extent that many permanent scars were visible on the child's body, and the court considered that the chastisement in the case was not from "(parental love), but from brutal instincts and malicious purposes."

We are of opinion that the charge, as given by the judge, was better calculated to enlighten the jury as to the law applicable to the facts stated without the special charge requested than with it. Whether a parent, who inflicts corporal punishment on a child, is acting "in good faith, prompted by parental love without passion," is a matter which may be determined largely from the character of the injuries received by the child, and any instructions which would lead to the conclusion that it would be incompetent for the jury to differ from the parent as to whether the latter had gone too far would be misleading.

2.   Bill of exception No. 2. is to the refusal of the court to charge that "the State, in this case, must show, beyond a reasonable doubt, " that the wound was inflicted with the weapon named in the bill of " indictment, viz: a piece of iron, and the piece of iron, when used as a " weapon, was dangerous." The bill recites that this charge was refused, and that the court charged "that it would be sufficient if the State had proved that a wound had been inflicted with any dangerous weapon." The reasons given by the judge for the ruling complained of are, that "the defendant permitted the State to prove, without objection, that the wound had been made with a switch and a walking cane, and the court considered the evidence supplied pleading, and charged the jury as above stated."

The statutes under which the indictment was found (Act No. 17 of 1888) reads: "Whoever shall wilfully and maliciously, with a dan-

"gerous weapon, or with intent to kill, inflict a wound less than "mayhem," etc. The indictment went further and specified that the weapon used was a piece of iron. It is plain, however, that, in the contemplation of the law, the crime could have been as well committed with a piece of brass, or a stick, or any other instrument or thing capable of producing the same effect, which, either of itself, or by reason of its use, should be held to be a dangerous weapon. It is true that objection might have been made, on the ground of "variance," to the introduction of evidence tending to show the use of any other instrument than that specified in the indictment, but it is by no means clear that such an objection should have been sustained. "In all cases," says Mr. Bishop, "it is simply required that the proof sustain so much of the allegations as constitutes the crime to be punished. It need not cover more, though alleged." Bishop's Cr. Pr., Vol. 1, Par. 127.

"* * * In an indictment for murder, an allegation that the death was produced with a knife will be supported by proof that it was produced by a dagger, sword, staff or the like, or any instrument capable of the same effect." Wharton's Cr. Ev., Par. 143.

Whether the weapon used by defendant was dangerous, within the meaning of the statute, was a question for the jury to determine, upon considering not only the character of such weapon, but by whom, upon whom, and in what manner, it was used. State vs. Scott, 39 Ann. 943; State vs. Brown, 41 Ann. 345.

Inasmuch, therefore, as the defendant had allowed it to be proved, without objection, that the wounds had been inflicted with something else than a piece of iron, there was no reason for giving the special charge requested by him, which was, in effect, that the jury should disregard the proof so made.

3. A motion for new trial was filed, upon the ground that the verdict was contrary to the law and evidence, but, as no particular error of law is specified, and no bill of exceptions was taken, we do not feel called upon to consider it. State vs. Nelson, 32 Ann. 842; State vs. Wire, 38 Ann. 684; State vs. Walker, 37 Ann. 560; State vs. Miller, 36 Ann. 158; State vs. Chandler, 36 Ann. 178; State vs. Darrow, 39 Ann. 677; State vs. Pete, 39 Ann. 1096; State vs. McTier, 45 Ann. 440.

4. Defendant's counsel also filed a motion in arrest of judgment, upon grounds which are stated, as follows, to-wit: "Under and by the evidence adduced at the trial of this cause, which is a necessary part of the record of this cause, and which was heard by the court, it was shown

that this defendant was the father of the party alleged to have been injured, namely Julia Washington, a child ten years old. Under the law, the father had the right to assault and whip his child, provided it be (in) a reasonable manner, and while the father might be guilty of assaulting and beating his child, or of assault with intent to commit a graver crime on his child, when the jury simply find the father guilty of an assault, it is finding him guilty of an act which is not illegal in him and for which he cannot be punished."

Our attention has not been called to the law which makes all of the evidence adduced on the trial part of the record of appeal in a criminal case, and frequent rulings have been made by this court which are irreconcilable with that theory. State vs. Nash, 45 Ann. 974; State vs. Pomp Joseph, 45 Ann. 903. Beyond this, it has been held, more than once, that a "defect that appears only by the aid of testimony cannot be the subject of a motion in arrest." State vs. Green, 36 Ann. 185; State vs. Chandler, 36 Ann. 177; State vs. Chevis, 48 Ann. 576; State vs. Pete, 45 Ann. 1095; State vs. Victor, 36 Ann. 978; State vs. White. 52 Ann. 206.

It does not appear from the indictment in the case at bar that the defendant was the father of the person injured; that fact could, therefore, have been arrived at only "by the aid of testimony," and the point as presented, falls within the rule as stated above, in language quoted from the opinion in State vs. Green, 36 Ann. 185. See, also, Bishop's Cr. Pr., Vol. 1, Par. 1285.

The trial judge heard the evidence, and in that way learned the facts in regard to the relationship between the defendant and the person injured, which he states in the bills of exception signed by him, which bills, were, however, taken with reference to other matters than that now under consideration. And if it be true that a motion in arrest cannot be sustained on the basis of direct evidence introduced into the transcript, a fortiori can such motion not be sustained on the basis of statements of fact contained in bills of exception, incorporated in the transcript, but relating to other matters.

Judgment affirmed.