THE STATE OF KANSAS v. MAYWOOD ANDERS.

No. 12,807.    (68 Pac. 668.)

SYLLABUS BY THE COURT.

1. CONTEMPT OF COURT—*Proceedings for Direct Contempt.*   A proceeding under chapter 123 of the Laws of 1901 (Gen. Stat. 1901, §§ 1982–1985), to punish for a direct contempt committed in the presence of the court, does not require a written accusation, warrant of arrest, or written plea in defense; therefore, a journal entry showing such summary proceeding constitutes the full record of a case under the statute cited.

2. ——— *Disobedience of Subpoena—Indirect Contempt.*   Disobedience of a subpœna to attend court as a witness is not a direct

.contempt, or a contempt committed in the presence of the court, which may be summarily punished, but it is an indirect contempt, committed out of the presence of the court, and, therefore, under the law cited, is punishable only by formal accusation, arrest, plea, and trial.

3. ———— *Improper Proceeding—Appellant Discharged.* The journal entry in this case shows a trial for indirect contempt conducted summarily as though for the direct offense; *held*, therefore, that it shows error, and that appellant is entitled to be discharged until formal proceedings against him shall be instituted.

Appeal from Pottawatomie district court; WILLIAM THOMSON, judge. Opinion filed April 5, 1902. Reversed.

*A. A. Godard*, attorney-general, and *W. F. Challis*, county attorney, for The State.

*J. K. Codding*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment of conviction of contempt of court. The entire record consists of a single journal entry in the following words :

"Now, on this 4th day of September, A. D. 1901, the state of Kansas appeared by W. F. Challis, county attorney, and the defendant appeared in person, and by his attorney, J. K. Codding, and this cause came on for hearing summarily, without written accusation against said defendant.

"That he had committed a certain contempt in not attending court as a witness on behalf of the defendant and also on behalf of the state, in the case of The State of Kansas v. James Fennell, after having personal service by subpœna to appear as witness in the above case ; and the said accused offered the following statements of his defense in extenuation thereof:

"That on or about the 12th day of November, A. D. 1900, he was served with a subpœna to appear as a

witness in the above case, at the district court of Pot-
tawatomie county, Kansas, to be holden on or about
the 10th day of December, A. D. 1900.

"That a few days therefrom he went to St. Joseph,
Mo., to work in the roundhouse, intending to return
in time to testify in said cause.

"That he was taken very sick and was under a doc-
tor's care at the time set for the trial of the said case
of The State v. Fennell.

"That as soon as he was able to do so, he returned
to Pottawatomie county, Kansas, but the trial had
been continued.

"And after hearing all the evidence, and being fully
advised in the premises, it is considered, ordered and
adjudged by the court that the defendant, Maywood
Anders, has been guilty of a contempt in not attend-
ing said court as a witness in the case of The State of
Kansas v. James Fennell, after having personal service
by subpœna to appear as a witness in above case.

"It is by the court further considered, ordered and
adjudged that the defendant, Maywood Anders, pay a
fine of fifty dollars and the costs of this prosecution
taxed at $58.69, and that he stand committed to the
jail of said county until the fine and costs are paid,
to all of which proceedings, orders and judgments
the defendant, Maywood Anders, at the time duly ex-
cepted."

The above journal entry is certified by the clerk as
being "a full, true and correct transcript of the rec-
ord in the above-entitled cause." The state moves to
dismiss because the proceedings in the matter about
which complaint is made were not incorporated in a
bill of exceptions. The motion is denied. When all
the proceedings properly constituting the record of a
cause are shown on the journal entry of judgment
such journal entry constitutes a full record. A bill of
exceptions is only for the purpose of bringing matter
on the record which is not already there. In this case,
everything was of record on the journal and no bill of

exceptions was required. "A record, in judicial proceedings, is a precise history of the suit, from its commencement to its termination, including the conclusion of law thereon, drawn up by the proper officer, for the purpose of perpetuating the exact state of facts." (*Davidson v. Murphy*, 13 Conn. 213.) Ordinarily, the record proper, in the district court, consists of the pleadings, process and judgment only. (Civil Code, § 417.) Papers and proceedings collateral to these or incidental to the progress of the case do not constitute parts of the record unless made so by statute or by bill of exceptions. The proceeding from which this appeal was taken would appear to have been brought and conducted under section 1 of chapter 123, Laws of 1901 (Gen. Stat. 1901, § 1982), which reads:

"That a direct contempt may be punished summarily, without written accusation against the person arraigned, but if the court or judge in chambers shall adjudge him guilty thereof a judgment shall be entered of record, in which shall be specified the conduct constituting such contempt, with a statement of whatever defense or extenuation the accused offered thereto, and the sentence of the court thereon."

Under the above statute, it does not appear that written accusation, warrant of arrest, or paper plea in defense is necessary; hence, the journal entry showing the proceedings constitutes the full record of the case.

The record shows error. The statute (Laws 1897, ch. 106; Gen. Stat. 1901, §§ 1980–1985) of which chapter 123 of the Laws of 1901 is amendatory in other particulars, divides contempts of court, as the common law did, into two classes, direct and indirect. Sections 1 and 2 of the first-mentioned enactment read as follows:

"SECTION 1. That contempts of court are divided

into two classes, direct and indirect, and shall be proceeded against only as hereinafter prescribed.

"Sec. 2. That contempts committed during the sitting of the court or of a judge at chambers, in its or his presence, are direct contempts. All others are indirect contempts."

Sections 3 and 4 of chapter 106 of the Laws of 1897, as amended in some other particulars by chapter 123 of the Laws of 1901, provide for the summary punishment of direct contempts without written accusation, warrant, or written plea. We have already quoted the amended section in relation to this class of contempts. As to indirect contempts the statute of 1897 provided, and the statute of 1901 still provides, for a written accusation, a warrant of arrest, an answer by the accused, and an order fixing a time and place of trial. Therefore, the only question in this case is whether the appellant was guilty of a direct or indirect contempt. The answer is evident. He was guilty of the latter, if any at all. The above-quoted act of 1897 determines it. A direct contempt is one committed in the face of the court, or, as expressed in the statute, "during the sitting of the court, in its presence." The appellant's disobedience of the subpœna to attend as a witness was not committed in the presence of the court; therefore, his disobedience of the process served on him was of the character denominated "indirect" contempt, for committing which he was entitled to his day in court and to be heard in proceedings formally instituted and conducted against him. (*In re Smith, Petitioner*, 52 Kan. 13, 33 Pac. 957; 4 Encycl. of Pl. & Pr. 776.)

The judgment of the court below is reversed, and the appellant ordered discharged until formal proceedings shall be instituted against him.

Smith, Greene, Ellis, JJ., concurring.