STATE OF IOWA v. GEORGE YOUNG, Appellant.

**Criminal law:** PERJURY: EVIDENCE. The false testimony of one charged with having given liquor, within the county, to one in the habit of becoming intoxicated, that he had not furnished the party liquor at a particular place is material.

**Same:** MOTION IN ARREST OF JUDGMENT. An objection that the false testimony forming the basis of a charge of perjury was immaterial, can not be raised by a motion in arrest of judgment; such a motion will only lie for some demurrable ground, or when upon the whole record no legal judgment can be pronounced.

**Same:** WITNESSES: CAPACITY OF CHILDREN. The capacity of a child as a witness can not be raised for the first time on appeal: And where a child is shown to have sufficient capacity to understand an oath, the question of age is not controlling.

**Same:** PERJURY: SUFFICIENCY OF EVIDENCE. The strongly corroborated evidence of one witness testifying to the falsity of accused's testimony will support a conviction for perjury.

*Appeal from Madison District Court.*—HON. EDMUND NICHOLS, Judge.

TUESDAY, OCTOBER 17, 1911.

THE defendant was convicted of having committed perjury, and appeals.—*Affirmed.*

*Emory Nicholson* and *A. W. Wilkinson,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

LADD, J.—The defendant has been tried three times. The first indictment charged him with having given whisky to Will Gordon, a person in the habit of becoming intoxi-

cated.   On trial he was acquitted.' At the same term of
court he was indicted for having committed perjury during
the above trial, in that he had falsely testified that he had
neither given whisky to said Gordon in a certain barn or
paintshop on the 14th day of November, 1909.   Though he
was acquitted of the charge of having furnished his neigh-
bor whisky, he was found guilty of having falsely testified
that he had not done so.   But on motion in arrest of
judgment the verdict was set aside, and the case submitted
to another grand jury.   A second indictment charging the
same offense was returned, and he was again found guilty
and judgment entered accordingly.   The appeal is from
this conviction.

I.   Appellant contends that the court erred in not
passing on the ninth ground of the motion in arrest of
judgment, and in not discharging him, for that the issue

1.   CRIMINAL
LAW: perjury:
evidence.

alleged was not involved in nor the alleged
false testimony material on the trial of the
indictment charging him with giving whisky
to said Gordon.   That indictment alleged the giving to have
been in the county generally, and it is said that, even
though the accused did falsely testify that he had not given
Gordon whisky in the barn or paintshop, such evidence
was immaterial, for that it did not appear that any one
had testified otherwise.   If this were true, his testimony
would not have been in conflict with any evidence introduced
by the state, but it would have been material as tending
to show that he had not furnished the whisky in the county.
This becomes apparent in looking at the result had he
testified to the truth as claimed by the state; i. e., that he
had given Gordon whisky at one of the places mentioned.
Had he done so, his testimony would not only have been
material, but likely conviction would have followed.   Plainly
enough, then, his denial that he had given the whisky at
the place mentioned should be regarded as material.

Even were this not so, however, the point could not

properly be raised on motion in arrest of judgment. Section 5426 provides that such a motion may be granted (1) upon any ground which would have been ground for demurrer (2) when upon the whole record no legal judgment can be pronounced. It is needless to say that the insufficiency of evidence is not ground for demurrer. Nor do we think the evidence a part of the "record," as that term is used in this statute. It only becomes such when duly certified and filed as a bill of exceptions for the purposes of appeal. Their view is confirmed by section 5424 of the Code, making the insufficiency of the evidence one of the grounds for new trial, and farther by the overwhelming weight of authority declaring that neither the admissibility of evidence nor its insufficiency nor the correctness of the instructions can be challenged by motion in arrest of judgment. *State v. McCool,* 34 Kan. 617, (9 Pac. 745); *State v. Gerrish,* 78 Me. 20, (2 Atl. 129); *Green v. State* (Tex. Cr. App.) 29 S. W. 1072; *Bright v. State,* 90 Ind. 343; *Powe v. State,* 48 N. J. Law, 34, (2 Atl. 662); *State v. Washington,* 104 La. 443, (29 South. 55, 81 Am. St. Rep. 141). See cases collected in 2 Ency. Pleading & Practice 813, and 12 Cyc. 759. The record in a criminal case ordinarily is understood to be the written history of the proceedings from the beginning to the end, including such papers as are made by statute a part of the record and the evidence. *United States v. Taylor,* 147 U. S. 695, (13 Sup. Ct. 479, (37 L. Ed. 335); *State v. Anders,* 64 Kan. 742, (68 Pac. 668). There was no error in the ruling.

II. No objection was interposed to the competency of Harold Gordon as a witness and his capacity to testify cannot be questioned in this court for the first time. It may be added, however, that, had there been objection, it must have been overruled, for, though but twelve or thirteen years of age, the showing of his capacity to understand the obligation of

2. SAME: motion in arrest of judgment.

3. SAME: witnesses: capacity of children.

an oath was sufficient, and not disputed. See *State v. King*, 117 Iowa, 484; *State v. Meyer*, 135 Iowa, 507; *State v. Gregory*, 148 Iowa, 152.

III. It is insisted that the evidence was insufficient to convict. That it was in sharp conflict must be conceded. Gordon testified that the defendant brought a pint bottle of whisky when he was in his barn, and that he drank from the bottle. It was not essential that there be two·witnesses to the falsity of defendant's testimony; it being sufficient that the one witness be strongly corroborated. *State v. Wood*, 17 Iowa, 18; *State v. Raymond*, 20. Iowa, 582. However, the two sons of Gordon were in the loft of the barn with a nephew of defendant, and they testified to seeing the defendant hand a bottle of whisky to their father, and to seeing him drink therefrom.

*4. Same: perjury: sufficiency of evidence.*

The evidence was sufficient to carry the case to the jury, and the judgment is *affirmed*.