[No. 13132.    Department Two.    April 1, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.
ANNIE K. RUSSELL, *Appellant.*[1]

ABORTION—INFORMATION—SUFFICIENCY. An information for abortion need not allege the manner in which the instruments were used.

SAME—EVIDENCE—ADMISSIBILITY. In a prosecution for abortion, the paternity of the child is not in issue, and is properly excluded.

SAME—EVIDENCE—ISSUES—PREGNANCY. Pregnancy is not an issue under Rem. & Bal. Code, § 2448, making it punishable for any person to supply any woman, whether pregnant or not, with any drug or substance or to use any instrument with intent to produce the miscarriage of a woman.

SAME—EVIDENCE—ADMISSIBILITY. In a prosecution for abortion, questions as to why the prosecutrix had not accused or prosecuted the man responsible for her condition are properly excluded.

SAME. In a prosecution for abortion, it is irrelevant that a married witness, accompanying the complaining witness to defendant's office, believed herself pregnant and on the same night her menses returned in the natural way.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In a prosecution for abortion, it is not reversible error to exclude cross-examination

[1]Reported in 156 Pac. 565.

of the complaining witness as to her voluntary fault to affect her
credibility, where she had already admitted voluntary intercourse
with this and other men.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot
be predicated on instructions to which no exception was taken.

CRIMINAL LAW—TRIAL—COMMENT ON EVIDENCE. It is not an un-
lawful comment on the evidence in a prosecution for abortion to
warn the jury against consideration of the youth of the female or
any question of policy or the wisdom of the prosecution.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered May 4, 1915, upon a trial and
conviction of abortion. Affirmed.

*Wilson R. Gay,* for appellant.

*Alfred H. Lundin, W. F. Meier,* and *Joseph A. Barto,* for
respondent.

MORRIS, C. J.—Appeal from a conviction upon an informa-
tion charging abortion by the use of certain instruments.
The first error charges a defect in the information in failing
to allege the manner in which the instruments were used. This
same error was urged and overruled in *State v. Gaul,* 88
Wash. 295, 152 Pac. 1029, it there being held that the
information need not allege the name of the instrument nor
the manner of its use. What is said in the *Gaul* case, and the
authorities there cited, disposes of this contention, and the
information is sustained.

It is next urged that the lower court erred in sustaining
an objection to a question propounded the prosecuting wit-
ness by appellant asking her to name the man she blamed
for her condition. The ruling was correct, the paternity of
the child not being an issue. *People v. Wah Hing,* 15 Cal.
App. 195, 114 Pac. 416.

Neither is pregnancy an issue under our statute (Rem. &
Bal. Code, § 2448; P. C. 135 § 391), which reads as follows:

"Every person who, with intent thereby to produce the mis-
carriage of a woman, unless the same is necessary to preserve
her life or that of the child whereof she is pregnant, shall—

"(1) Prescribe, supply or administer to a woman, whether pregnant or not, or advise or cause her to take any medicine, drug or substance; or

"(2) Use, or cause to be used, any instrument or other means; . . ."

This statute, and similar ones in other states, is substantially derived from the English statute on the same subject. Its proper interpretation, in so far as it is designed to punish an attempt to produce a miscarriage by any of the means mentioned in the statute to any woman, whether pregnant or not, when such attempt is made with an unlawful intent, is given in 1 R. C. L. 77 as follows:

"Prior to the enactment of the English statute which expressly dispensed with the necessity of pregnancy, an earlier statute punished any one who, 'with the intent to procure the miscarriage of any woman,' should administer any medicine, or use any instrument, etc., and it was held that though the woman was not in fact pregnant a conviction could be had. In a number of jurisdictions in the United States similar statutes have been enacted, and the courts have followed the construction placed on the English statute and have held that one who with the intent to procure the miscarriage of a woman administers to her any drug, etc., or uses upon her any instrument, is punishable though the woman is not in fact pregnant."

The same rule is recognized and stated in 1 C. J. 312. This interpretation is sustained without exception in all states having similar statutes. The Massachusetts statute provides that,

"Whoever with intent to procure the miscarriage of a woman, unlawfully administers to her, or advises or prescribes for her, or causes to be taken by her, any poison, drug," etc.

Based upon this statute, the ruling has uniformly been that it was unnecessary either to allege or prove pregnancy. *Commonwealth v. Tibbetts*, 157 Mass. 519, 32 N. E. 910; *Commonwealth v. Follansbee*, 155 Mass. 274, 29 N. E. 471; *Commonwealth v. Taylor*, 132 Mass. 261. The Florida stat-

ute (Rev. Stats., § 2619) is similar to that of Massachusetts, and under it pregnancy is held to be immaterial. *Eggart v. State*, 40 Fla. 527, 25 South. 144. In *Powe v. State*, 48 N. J. L. 34, 2 Atl. 662, under a statute making the attempt to cause a miscarriage in a pregnant woman an essential element of the crime, it was held that the intent, irrespective of the actual knowledge of pregnancy, was the test of the crime.

Appellant's argument in support of this claim of error is based upon citations from states having statutes making pregnancy material. Such cases can have no application under statutes such as ours.

The next assignment of error is based upon the sustaining of objections to questions addressed to the mother of the complaining witness and to a police matron, in which they were asked why they had not accused, arrested or prosecuted the man deemed responsible for the girl's condition. We see no materiality in such testimony, and the ruling was correct.

The next assignment is in sustaining objections to testimony seeking to elicit from a married female cousin of the complaining witness the fact that she believed herself pregnant at the time she accompanied complaining witness to the office of appellant, and that on the same night her menses returned in the natural manner. We can see no relevancy in such testimony.

The next assignment of error is in sustaining objections to the following question asked complaining witness with reference to her relations with the man she believed responsible for her condition: "Now, as a matter of fact, it was you that went to his bed." The girl had already testified that the man was a married man, that the intercourse took place at his home, and that it was voluntarily indulged in on her part. She had further testified that this man was not the only one she had been intimate with, so there was sufficient evidence before the jury to affect the credibility of the witness, if that was what was sought. The evidence was cer-

tainly admissible for no other purpose, and in the light of her previous testimony, we cannot say the refusal to permit an answer to this question was such error as to require a reversal.

Error is urged against two instructions as a comment upon the facts. We find no exception was taken to the first instruction, and further reference to it is unnecessary. The second is as follows:

"Neither should the fact that —— —— may be a young girl or that she may be unmarried have any weight in your deliberations. Whatever views you may entertain as to the policy of this prosecution or as to whether the same be wise or unwise such views cannot affect in any degree the question involved of guilt or innocence. This question is one of fact and depends upon the evidence alone, unaffected by any consideration of policy."

We find nothing objectionable in this instruction.

Other errors are addressed to rulings made subsequent to the trial covering the same points already discussed. They are all without merit.

The judgment is affirmed.

HOLCOMB, BAUSMAN, MOUNT, and PARKER, JJ., concur.