[Civ. No. 14050. Second Dist., Div. Two. June 16, 1943.]

CASPER L. A. RINKER, Appellant, v. THE STATE BOARD OF MEDICAL EXAMINERS et al., Respondents.

Murray M. Chotiner and Horace Appel for Appellant.

Robert W. Kenny, Attorney General, and J. Albert Hutchison and Allen L. Martin, Deputies Attorney General, for Respondents.

WOOD (W. J.), J.—Respondent Board of Medical Examiners of the State of California, after a hearing upon charges of unprofessional conduct, ordered the revocation of petitioner's license as a physician and surgeon. Petitioner sought a writ of mandate in the superior court to compel the board to reinstate him. An alternative writ was issued and after a court trial judgment was entered discharging the alternative writ and denying relief to petitioner. From this judgment petitioner has appealed.

By stipulation of the parties the matter was submitted to the superior court upon a transcript of the evidence received by respondent board. Petitioner now contends that the evi-

dence is insufficient to establish jurisdiction in the board to revoke the license. Petitioner was charged with unprofessional conduct in two counts. In the first count it is charged that in May, 1942, petitioner did ". . . offer, agree, attempt, and did provide, supply, administer, procure, use and employ an instrument or substance or other means upon the person of one Pauline Shafer, a woman, with the wilful, unlawful and felonious intent then and thereby to procure a miscarriage of said Pauline Shafer, a woman, said use and employment of said instrument or substance or other means to procure said miscarriage of said Pauline Shafer, a woman, not then and there being necessary to preserve the life of said Pauline Shafer." In the second count a similar charge was made with reference to one Grace Sand. If the evidence is sufficient to sustain the charge in either of these counts the judgment must be affirmed. We have concluded that the evidence on the first count is sufficient and therefore it will be unnecessary to refer to the evidence received on the second count.

Pauline Shafer testified that she was taken to the office of petitioner on May 29, 1942. At that time petitioner "injected a hypodermic" and gave her "a little yellow capsule." At the request of petitioner she got on the operating table where an anesthetic was administered and she became unconscious. When she regained consciousness she was on a cot in petitioner's office. Her abdomen "hurt a little." Petitioner helped her to get dressed and she noticed that she wore a sanitary napkin, which she had not previously worn. There was a bloody discharge for almost a month afterward. Prior to the date in question petitioner had been in normal health and her menstrual periods had been regular except that before May 29, she had missed two periods. She had had several acts of sexual intercourse with one Samuel Benavides prior to May 29. The petitioner had asked her if she was pregnant and she replied that she was "pretty sure" that she was. Meta Shafer testified that she is the mother of Pauline Shafer and that on May 29 she took her daughter to petitioner's office after an appointment had been made with petitioner by Benavides and paid to petitioner the sum of $50, which had been supplied by Benavides. Samuel Benavides testified that he had had several acts of sexual

intercourse with Pauline Shafer about a month prior to May 29th; that he told petitioner that he was in trouble with a girl and that petitioner told him to bring the girl and her mother to his office and the charge would be $50.

Petitioner argues that the evidence is insufficient to establish that Pauline Shafer was pregnant on May 29, 1942. He relies upon *Lanterman* v. *Board of Medical Examiners* 4 Cal.App.2d 319 [40 P.2d 913], where it was held that the evidence was insufficient to establish pregnancy, and asserts that the evidence to establish pregnancy in the present case is no stronger than was the evidence in the Lanterman case. It is unnecessary to decide whether the ruling in the Lanterman case should be followed or whether the facts in the two cases are substantially the same. The Lanterman case was decided when section 274 of the Penal Code provided that one is guilty of a felony ''who provides, supplies or administers to any pregnant woman, or procures any such woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure a miscarriage of such woman, unless the same is necessary to preserve her life. . . .'' In 1935 the Legislature amended section 274 by deleting the word ''pregnant'' in the first clause and the word ''such'' in the second clause. (Stats. 1935, chap. 528, p. 1605.) After the adoption of the amendment proof of pregnancy was not required to establish guilt of the crime commonly called abortion. Such has been the ruling in a number of jurisdictions where the statutes are similar to the present statute in California. (*State* v. *Russell*, (1916) 90 Wash. 474 [156 P. 565]; *People* v. *Axelsen*, (1918) 223 N.Y. 650 [119 N.E. 708]; *Commonwealth* v. *Tibbetts*, (1893) 157 Mass. 519 [32 N.E. 910].)

An analysis of the evidence is not necessary to demonstrate that the trial court was justified in concluding that petitioner committed certain prohibited acts with the intent to cause a miscarriage upon the person of Pauline Shafer. Evidence is before the court that she was in normal health before the date in question and there is no evidence that the acts of petitioner were necessary to preserve her life. The evidence clearly sustains the finding that petitioner is guilty of the violation of section 2377 of the Business and Professions Code, which provides: ''The procuring or aiding or abetting

or attempting or agreeing or offering to procure a criminal abortion constitutes unprofessional conduct within the meaning of this chapter.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 7, 1943, and appellant's petition for a hearing by the Supreme Court was denied August 12, 1943.