No. 36,442

In the matter of the Application of Thurston Gambrell for a Writ of Habeas Corpus. (THURSTON GAMBRELL, *Appellant*, v. KEITH MOORE, Sheriff, et al., *Appellees.*)

(165 P. 2d 760)

Opinion denying motions for rehearing filed February 11, 1946. (For original opinion of reversal see 160 Kan. 620, 164 P. 2d 122.)

*Claude E. Sowers,* of Wichita, for the appellant.

*L. M. Kagey,* of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: On behalf of appellee there has been filed herein a letter which we treat as a motion for rehearing, also a formal motion for a rehearing. Both object to the statement in the opinion: "In this case the testimony was not preserved, hence the opportunity to have it reviewed on appeal was frustrated." We are now advised that the testimony received at the hearing for contempt was taken by the court reporter and could have been made available for appeal. Hence, the sentence in the opinion which is objected to might be misunderstood and we readily withdraw it.

As it reached us, the substantive question in the case, and the only one treated in the syllabus, was whether the thing appellant was charged with doing constituted contempt of court. We held it did not, and upon further consideration we adhere to that view.

We might have ended the opinion by deciding nothing more, for appellee had not complained of the case being brought here by habeas corpus rather than by appeal. This court always has the duty to determine its own jurisdiction in any case submitted to it. In doing so in this case it took notice that our statute (G. S. 1935, 20-1205) provides for appeal in contempt proceedings, and also recognized the general rule that habeas corpus is not a substitute for an appeal. In order that our opinion might not be misleading in the future we thought it prudent, at least, to consider that question in the opinion. In doing so we referred to our statute (G. S. 1935, 20-1202) which defines direct and indirect contempt, and pointed out that what appellant was charged with doing was not in court

during a sitting of the court, neither was it before the judge at chambers in his presence. Nevertheless, counsel for appellee urged that the contempt charged was direct contempt, the argument being that the parole officer of the court talked over the telephone to appellant, who was 28 blocks away from the court house, and that this should be considered as being in court during a sitting of the court, or in the presence of the judge in his chambers. We thought that argument lacked merit to the extent that it was not even mentioned in the opinion. The same argument, of course, could have been made if the appellant were 28 miles or 2,800 miles away from the court or the judge in his chambers. We referred to the statute (G. S. 1935, 20-1203) which prescribes the record to be made upon a hearing for direct contempt, and set out the journal entry made upon the hearing of contempt, which clearly shows its lack of conformity to the statute. In direct contempt the only record required or authorized to be made is the journal entry in conformity with this staute. (See *State v. Anders,* 64 Kan. 742, 68 Pac. 668.)

In Sedgwick county there are four divisions of the district court, with a judge presiding over each division. The contempt proceeding was conducted in division No. 2. The habeas corpus proceeding was conducted before Judge Robb in division No. 3. With reference to that appellee in his brief said:

"No contention is raised that the Honorable Clair E. Robb did not have authority to pass on the petition for the writ of habeas corpus."

During the argument in this court counsel for appellee was asked upon what Judge Robb made his decision with respect to the validity of the contempt proceeding and replied, "Upon the record." On being asked if he meant by that the affidavit of the parole officer and the journal entry in division No. 2 he replied in the affirmative. So, if any record was made by the court reporter in division No. 2 Judge Robb did not have the benefit of it, and neither did this court have the benefit of it. We do find this statement in appellee's brief:

"The evidence was neither transcribed nor abstracted, and we, therefore, must assume that the affidavit and accusation is in all respects true."

By inference this might indicate that some evidence had been taken by the court reporter, but there is nothing to indicate what that evidence was. The assumption which we were asked to entertain, that "the affidavit and accusation" were in all respects true

could not be indulged in, for the affidavit did no more than form a basis for the issuance of a citation. More than that, the charge of contempt must always be supported by evidence. The simple charge will not be taken as true in any event. The assumption we were asked to indulge with respect to the "accusation" could not be indulged for the simple reason that the record did not show an accusation, and it is now conceded that one was never filed.

Counsel for appellee in his brief, after arguing that the matter charged was direct contempt, concludes as follows:

"We are convinced that the contempt was direct, that there has been adequate compliance with the statutes in the procedure. . . ."

In the opinion this court did not and does not now agree with counsel on either point, but on the other hand it is our view that if contempt at all it was not direct contempt, and that the statute respecting the procedure for direct contempt was not complied with.

Having demonstrated that, as we thought, and having cited authorities to the effect that compliance with the procedure provided by the statute for direct contempt goes to the jurisdiction of the court to pronounce a sentence for direct contempt, we did consider whether the procedure shown by the record complied with G. S. 1935, 20-1204, which so far as it pertains to this case reads:

"That upon . . . an affidavit duly filed showing any person guilty of indirect contempt, a writ of attachment . . . may issue, and such person be arrested and brought before the court. . . ."

This was done. The statute proceeds:

"And thereupon a written accusation setting forth succinctly and clearly the facts alleged to constitute such contempt shall be filed, and the accused required to answer the same, by an order which shall fix the time therefor and also the time and place for hearing the matter. . . ."

The record does not show that any of these things was done. The statute proceeds:

"After the answer of accused, or if he refuse or fail to answer, the court or judge may proceed at the time so fixed to hear and determine such accusation upon such testimony as shall be produced. If the accused answer, the trial shall proceed upon testimony produced as in criminal cases, and the accused shall be entitled to be confronted with the witnesses against him; but such trial shall be by the court or judge. . . ."

The record does not show that any of those things was done. We are now told that the record made by the court reporter would show that these things, or at least some of them, were waived. We shall

not take time or space to consider which of those things, or under what circumstances, they might be waived, but if any of them was waived the journal of the court should have shown it. No such showing was made. It should not be necessary for the accused to pay for a transcript of the testimony to show that he waived himself into jail. A permanent record of the court should make such a showing if one was to be made. Certainly the judge who heard the habeas corpus proceeding had no such a showing before him. That proceeding might have been brought originally in this court, and this court would have been without a showing of such waivers.

The power to punish for contempt necessarily inheres in courts of record. Because it affects the liberty of the accused the exercise of the power is necessarily criminal in its nature. To avoid the possibility of abuses our legislature has provided a special procedure for its exercise. This procedure is so clearly and definitely outlined by our statutes that neither court nor counsel should have any difficulty in following it.

We still have the view that the record did not show either direct or indirect contempt of court and that this proceeding was properly brought by habeas corpus. The motions for rehearing are denied.