PER CURIAM.
The petitioner herein, whose license to practice medicine was revoked by the State Board of Medical Examiners pursuant to a hearing upon charges duly made, seeks certiorari to review the order of revocation on the ground that the Board refused to require the complaining witness (upon whom it was alleged the petitioner committed a criminal abortion contrary to Florida Statute 797.01, F.S.A. and prohibited by the Medical Practice Act, F.S. 458.12 (1) (i), F.S.A.) to divulge the name of the person with whom she committed the act resulting in the alleged pregnancy, and on the further ground that the testimony is not positive to the effect that she was actually pregnant at the time of the alleged abortion.
Pregnancy of the complaining witness is not a material element to conviction of the crime defined by F.S. 797.01, *510 F.S.A., and the statute has been so construed. Eggart v. State, 40 Fla. 527, 25 So. 144; Urga v. State, 155 Fla. 86, 20 So.2d 685. The identical question was presented in State v. Russell, 90 Wash. 474, 156 P. 565, which cites Eggart v. State, supra, with approval in holding that the trial court did not err in sustaining an obj ection to a question propounded to the prosecuting witness by the appellant asking her to name the man she blamed for her condition. The degree of proof required under the Medical Practice Act to revoke the license of a practitioner of medicine who is found guilty of procuring, aiding or abetting in procuring a criminal abortion (F.S. 458.12(1) (i), (2) (d), F.S.A.), is no greater than that required to sustain a criminal conviction under F.S. 797.01, F.S.A.
We find that the petition is without merit.
Certiorari denied.
CARROLL, C. J., and STURGIS and WIGGINTON, JJ., concur.