The Honorable Steven A. Jensen Paola Municipal Judge 13 South Pearl Paola, Kansas 66071
Dear Mr. Jensen:
As Municipal Judge for the City of Paola, you inquire whether a municipal court judge may require attorneys to represent indigent defendants charged with violations of municipal ordinances. If so, you inquire whether a municipal court judge has the authority to hold a noncompliant attorney in contempt.
K.S.A. 12-4405 provides, in part:
"If the municipal judge has reason to believe that, if found guilty, the accused person might be deprived of his or her liberty and is not financially able to employ counsel, the judge shall appoint an attorney to represent the accused person."[1]
In City of Overland Park v. Estell,[2] the Kansas Supreme Court concluded that "municipal court has a duty to provide adequate representation of indigents appearing before it in accordance with K.S.A. 12-4405." This duty is in keeping with the United States Supreme Court's decision in Argersinger v. Hamlin,[3] which extended the Sixth
Amendment right to counsel to criminal defendants charged with misdemeanors when imprisonment is likely.[4]
Clearly, both state law and the United States Constitution require the appointment of counsel for an indigent defendant who faces the possibility of incarceration for violation of a municipal ordinance. K.S.A. 12-4405
places the onus on municipal court judges to appoint counsel. Therefore, in order for a judge to carry out this mandate, it is our opinion that a municipal court judge has the authority to appoint attorneys to represent indigent defendants.[5] The problem is whether that order can be enforced through the contempt process if an attorney does not comply.
The Kansas Code of Procedure for Municipal Courts authorizes judges to hold persons in contempt only in limited circumstances.[6] K.S.A. 12-4106
authorizes a municipal court judge to "fine or imprison for contemptcommitted in court or for failure to obey process[7] issued by such municipal court judge, in the same manner and to the same extent as a judge of the district court."[8] K.S.A. 20-1201 et seq. is the procedure district court judges must follow in contempt cases.[9] A contempt committed in court is "direct" contempt, as opposed to "indirect" contempt which is any contempt that is not direct contempt.[10]
Determining whether a refusal to comply with a municipal court appointment order is direct or indirect contempt is necessary in order to determine whether a municipal court judge has jurisdiction. A municipal court judge has jurisdiction if the refusal is deemed direct contempt. However, if the refusal amounts only to indirect contempt, then the municipal court judge may not have jurisdiction.[11]
In In re Administration of Justice in the Eighteenth JudicialDistrict,[12] the Kansas Supreme Court considered a district court'srelease of a defendant who was incarcerated by a municipal court judgefor failure to pay a fine. The Court concluded that the district courtjudge had insufficient grounds to order the release because of aninsufficient record in municipal court. However, the Court, in dicta, questioned the jurisdiction of the municipal court to entertain an indirect contempt proceeding:
"While . . . we do not reach the question of the nature of the contempt proceedings before the City in Russ' case . . . or the question of the jurisdiction of the municipal court to hear an indirect contempt proceeding . . . we doubtless would be skeptical of the City's contentions that the proceedings sounded in indirect contempt and of the City's ability to meet its statutory burden to show it had statutory or other authority to proceed with an indirect contempt action."[13]
District Court Judge Steve Leben, in his concurring and dissenting opinion, explored the issue of jurisdiction and concluded that a municipal court has no jurisdiction to punish for indirect contempt because the power to punish for contempt of court belongs only to courts of record — which municipal court is not:
"Because municipal courts are not courts of record, they do not have inherent power to punish for indirect contempt. Only courts of record have inherent authority to punish for contempt of court. (Citations omitted).
"Kansas case law has traditionally provided that municipal courts, police courts at the time of the cases cited below, had no power to punish for indirect contempt. (Citations omitted). Thus, if a municipal court is to have jurisdiction over indirect contempt matters, its jurisdiction must come from legislative enactment. No statute provides that authority."
"Nor do the contempt statutes, K.S.A. 20-1201 et seq.,
provide the needed authority. For courts of record, which have inherent authority over all types of contempt proceedings, these statutes govern the procedures that must be followed in a contempt proceeding. (Citation omitted). However, there is no provision within these general contempt statutes purporting to grant authority over indirect contempt proceedings to municipal courts."[14]
While Judge Leben's concurring and dissenting opinion has no precedential value, we find its reasoning persuasive and believe that an appellate court would conclude, as did Judge Leben, that municipal courts, absent legislative authority, have no jurisdiction to punish an attorney for indirect contempt.[15]
We also note that municipal court judges are not "repositories of judicial power in the sense of Article 3, Section 1[16] of the Kansas Constitution"[17] and, therefore, absent legislative authorization, are not the beneficiaries of certain powers inherent in Article 3, Section 1 courts, such as the power to hold a person in contempt.[18]
Municipal courts are the successors to police courts[19] established in the latter part of the 19th century to hear ordinance violations.[20]
Police judges had the same power as today's municipal judges to "fine or imprison for contempt committed in court."[21] In 1967, police courts and police judges were renamed municipal courts and municipal court judges, respectively.[22] Six years later, in1973, all of the statutes scattered throughout Chapters 13, 14, and 15 of the Kansas Statutes Annotated dealing with the former police/municipal courts were repealed and replaced by the Kansas Code of Procedure for Municipal Courts, K.S.A. 12-4101 et seq.
In State v. Keener,[23] a police judge argued that a statute requiring police judges to report violations of liquor laws violated the separation of powers doctrine. The Kansas Supreme Court disagreed and concluded that the authority for police courts does not emanate from Article 3, Section 1 of the Kansas Constitution:
"In support of the judgment of the district court, it is argued that the doctrine of separation of the departments of government into legislative, executive, and judicial applies to the organization of cities of the second class; that the police judge . . . is a judicial officer. . . . [This] argument derives [from] the power of the Legislature to organize police courts and to provide for police judges from article 3, § 1, Const., which reads as follows: `The judicial power of this state shall be vested in a Supreme Court, district courts, probate courts, justices of the peace, and such other courts, inferior to the Supreme Court, as may be provided by law.' The section of the Constitution quoted is not the true source of the Legislature's authority over the establishing of municipal courts. Such authority comes with the grant to the House of Representatives and Senate of all the legislative power of the state (Const. art. 2, § 1), which includes power to provide for the organization and government of cities.
"[Local] courts erected to enforce local legislation . . . are not part of the state judicial system. To those courts the constitutional doctrine of the separation of powers applies. . . . [But] a police court, organized for purposes of local municipal judicature, is not a repository of the judicial power referred to in the Constitution any more than a city council is a lawmaking body in the sense of the Constitution. [It] is true that the administration of municipal ordinances is the exercise of a sort of judicial power, but it is no part of the judicial power contemplated by the section referred to."[24]
While Article 3, Section 1 of the Kansas Constitution has been amended since the Keener decision, the amendments are not such as to cast doubt on Keener's implication that municipal courts and municipal court judges do not enjoy the same inherent judicial powers enjoyed by district courts and district court judges.
Clearly, a municipal court judge can fine or imprison for contempt "committed in court or for failure to obey process."[25] The problem is determining whether an attorney's failure to comply with a municipal court appointment order is contempt "committed in court" or whether it is indirect contempt.[26] In Judge Leben's concurring/dissenting opinion, he concluded that contempt "committed in court" is equivalent to "`direct contempt,' which is contempt committed in the presence of the sitting court or the judge sitting in chambers." Because failing to pay a fine occurs outside a judge's presence, Judge Leben opined that failure to pay a municipal court fine constitutes indirect contempt which is not cognizable by a municipal court judge. Moreover, in Judge Leben's opinion, summoning a person into court to explain why he or she fails to make a payment cannot transform a failure to pay into direct contempt.
The same analysis applies to an attorney's failure to comply with a municipal court's appointment order. If the failure to comply occurs outside the presence of the municipal court judge, such failure removes the action from the scope of K.S.A. 12-4106(a). However, if the attorney appears before the municipal court judge and refuses to comply or offers some excuse for not complying, the judge could deem the noncompliance to be contempt committed in court and proceed pursuant to the procedure for direct contempt actions at K.S.A. 20-1203.[27]
Summarizing, a municipal court judge may order an attorney to represent an indigent defendant charged with violation of a municipal ordinance where incarceration is likely. However, whether a noncompliant attorney can be punished for contempt will depend upon whether the attorney's noncompliance occurs in the presence of the court. If so, the municipal court judge can punish the attorney for direct contempt and proceed pursuant to K.S.A. 20-1203. If the noncompliance does not occur in the presence of the court, a municipal court judge has no authority to punish the attorney for contempt because, absent legislative authority, a municipal court judge has no authority to punish for indirect contempt.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Emphasis added.
[2] 225 Kan. 599, 605 (1979).
[3] 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
[4] See State ex rel. Stephan v. Smith, 242 Kan. 336, 353 (1987) (while the selection of counsel to represent indigent defendants charged with statutory crimes is discretionary, the appointment of counsel is nondiscretionary); Clark v. Ivy, 240 Kan. 195, 202 (1986) (judiciary has obligation to appoint counsel for indigent defendants charged with crimes, whether felonies or misdemeanors).
[5] You indicate that the City has adequate funds to compensate attorneys so there is no Fifth Amendment "takings" issue as occurred inState ex rel. Stephan v. Smith, 242 Kan. 336 (1987).
[6] K.S.A. 12-4411 (failure to obey subpoena); K.S.A. 12-4510 (failure to pay fine); K.S.A. 12-4517 (failure to comply with court order requiring fingerprinting).
[7] Process is any means used by a court to acquire jurisdiction over a person. Black's Law Dictionary (5th Ed. 1979) at 1084. See
K.S.A. 12-4108 (municipal court clerk shall issue all process).
[8] Emphasis added.
[9] State v. Jenkins, 263 Kan. 351, 355 (1997).
[10] K.S.A. 20-1202. ("That contempts committed during the sitting of the court or of a judge in chambers, in its or his presence, are direct contempts. All others are indirect contempts.") See In re Administrationof Justice in the Eighteenth Judicial District, 269 Kan. 865, 872 (2000) (Leben, S., concurring and dissenting) (a "contempt committed in [municipal] court" would appear to be equivalent to "direct contempt," which is contempt committed in the presence of the sitting court or the judge sitting in chambers.") See also State v. Anders, 64 Kan. 742 (1902) (disobeying a subpoena occurs outside the presence of the court and, therefore, the contempt is indirect).
[11] In re Administration of Justice in the Eighteenth JudicialDistrict, 269 Kan. 865, 879 (2000) (Leben, S., concurring and dissenting).
[12] Id.
[13] Id. at 871.
[14] 269 Kan. at 879-880.
[15] See 17 Am.Jur.2d Contempt § 51 ("[i]n general, a municipal court, unless a court of record, is dependent on statute for power to punish contempt, and its power is limited by statute.")
[16] "The judicial power of this state shall be vested exclusively in one court of justice, which shall be divided into one supreme court, district courts, and such other courts as are provided by law; and all courts of record shall have a seal. The supreme court shall have general administrative authority over all courts in this state."
[17] State v. Keener, 78 Kan. 649, 653 (1908).
[18] Id. See Cyr v. Cyr, 249 Kan. 94, 99 (1991) ("the power to punish for contempt of court does not arise from legislative action, but is inherent in the court itself").
[19] K.S.A. 12-1109.
[20] See K.S.A 13-601 et seq. (cities of the first class); K.S.A.14-801 et seq. (cities of the second class); K.S.A. 15-501 et seq. (cities of the third class) (repealed L. 1973, Ch. 61, § 12-4702).
[21] K.S.A. 13-615, 14-817, 15-517 (repealed L. 1973, Ch. 61, § 12-4702); K.S.A. 12-4106(a).
[22] K.S.A. 12-1109.
[23] 78 Kan. 649 (1908).
[24] 78 Kan. at 650, 653.
[25] K.S.A. 12-4106(a).
[26] See State v. Jenkins, 263 Kan. 351, 361 (1997) (the Court struggled to determine whether an attorney's absence and tardiness in district court constituted direct or indirect contempt. The Court adopted a "hybrid" approach which defers the characterization of whether a contempt is direct or indirect until the attorney has an opportunity to explain. If the contempt is direct, then the procedure outlined in K.S.A. 20-1203 applies; if the contempt is indirect, then K.S.A. 2001 Supp. 20-1204a applies. This approach does not work in the municipal court scenario because, unlike district court, the issue is whether a municipal court has jurisdiction).
[27] K.S.A. 12-4103 ("[i]f no procedure is provided by [the Kansas Code of Procedure for Municipal Courts], the court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with this code."); K.S.A. 20-1201; State v. Jenkins, 263 Kan. 351 (1997).