STATE OF IOWA, Appellee, v. CHARLES WYATT, Appellant.

JANUARY 8, 1929.

*F. E. Northup* and *A. F. Schaetzle*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

KINDIG, J.—The county attorney's information charged that the defendant and appellant, Charles Wyatt, committed the offense of illegally transporting intoxicating liquors, as follows:

"The said Charles Wyatt, on or about the 24th day of July, A. D. 1926, * * * did unlawfully, willfully, and illegally transport, in a motor vehicle, intoxicating liquor, to wit, alcohol, without having said liquor properly labeled, as provided by law, * * *."

To this accusation, the appellant pleaded "not guilty." After conviction by a jury, he was sentenced by the court to pay a fine of $500 and costs of prosecution, and in default of payment, to be imprisoned in the county jail for a period of six months.

I. When submitting the cause to the jury, the district court omitted that part of the information relating to the improper labeling, and presented the controversy to the fact-finding body as if the information had been drawn under Section 2058 of the 1924 Code. But manifestly, the information was within the contemplation of, and charged an offense defined in, Section 1936 of the same Code.

Germane to a conviction thereunder was a transportation from a consignor to a consignee, without the statutory labels. *State v. Edwards*, 205 Iowa 587; *State v. Drain*, 205 Iowa 581; *State v. Corey*, 205 Iowa 1042; *State v. Purdin*, 206 Iowa 1058. This is not necessary under Section 2058, supra. Material prejudice resulted when the trial court, on its own motion, ignored the distinctive allegations of the information and thereby changed the offense therein described from a lesser to a greater one, because a marked difference appears between the punishments designated for violations under those respective sections.

324

Section 2058, supra, declares its violator shall "be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment and pay the cost of prosecution * * *;" while Section 1936 provides for a penalty of only $100 and costs.

Appellant was entitled to be tried on the transgression named in the information, and no other, and he did not waive that right by failing to ask instructions which would present to the jury those issues, rather than others foreign thereto. *State v. Hixon,* 205 Iowa 1321, states:

"It is further suggested by the State that, if the instruction was not satisfactory or sufficiently full, appellant was charged with the duty of requesting further instruction on the subject. It is too well settled to require the citation of authority that it is the duty of the court to, in a criminal case, instruct fully as to the elements of the crime, and that an erroneous instruction in this particular is ground for reversal."

II. Appellee insists that appellant waived the specific objection now urged, because he did not raise it in the court below. However, there is embodied within his motion for a new trial and in arrest of judgment the following, among other subject-matters: that the verdict was not sustained by sufficient evidence. This issue, through additional elaboration to meet the facts, was properly raised below.

Nowhere in the record was there any proof that the labels were lacking, or that there was a consignor or consignee. Hence, there could be no conviction under the information before set forth. Those material facts were essential to sustain the claim of the State. A record wherein they were absent could not support a conviction.

III. Furthermore, it is apparent that the district court did not have jurisdiction of the statutory violation named in the information. Said Section 2058, supra, specifies an indictable offense, while Section 1936, supra, describes an unindictable misdemeanor. It was upon the latter that the prosecution was based. Anything less than an indictable offense cannot be presented by a county attorney's information.

Section 13644, Code of 1924, contains the following enactment:

"Criminal offenses in which the punishment exceeds a fine of one hundred dollars or exceeds imprisonment for thirty days may be prosecuted to final judgment, either on indictment, as is now or may be hereafter provided, or on information as herein provided, and the district and supreme courts shall possess and exercise the same power and jurisdiction to hear, try, and determine prosecutions on information, as herein provided, for all such criminal offenses, to issue writs and process, and do all other acts therein, as they possess and may exercise in cases of like prosecutions upon indictment."

Article I, Section 11, of the state Constitution is to this effect:

"All offenses less than felony and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal; and no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury * * *."

So, then, a determination concerning what is chargeable by county attorney's information shall be controlled by the standard required for indictment. If, under Article I, Section 11, of the Constitution, and Section 13644 of the Code, there can be no indictment, likewise, upon the same basis, there can be no such information. *State v. Wyatt*, 207 Iowa 319. See *Conkling v. Hollowell*, 203 Iowa 1374. Consequently, the matter here concerned not being subject to presentation by a county attorney's information, the district court acquired no jurisdiction over the same.

IV. The State contends, nevertheless, that there should be an affirmance because this question is here raised for the first time. At this juncture, reliance is made upon *State v. McGee*, 207 Iowa 334.

In the *McGee* case, the offense charged was under a statute permitting an indictment. Here, there is no such statute.

326

There, McGee waived objection to certain insufficient and exceptionable substance in the indictment, because he did not attack it by demurrer or motion in arrest of judgment; but at all times the court, under a statute, had jurisdiction of the subject-matter involved. Presented here, however, is a situation where the district court did not have "jurisdiction of the subject-matter," because there is no statute permitting the county attorney's information. Some jurisdictional questions may be waived when the court has "jurisdiction of the subject-matter," but when the latter is lacking, no "jurisdiction" is acquired by the alleged waiver. See *Conkling v. Hollowell*, supra; *State v. Marshall*, 202 Iowa 954; *Humphrey v. Hollowell*, 203 Iowa 221. Therefore, the question can be raised for the first time on appeal. See *State ex rel. Perine v. Van Beek*, 87 Iowa 569; *Fort Dodge Lbr. Co. v. Rogosch*, 175 Iowa 475.

The judgment of the district court should be, and hereby is, reversed.—*Reversed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, and WAGNER, JJ., concur.