STATE OF IOWA, Appellee, v. C. A. WYATT, Appellant.

JANUARY 8, 1929.

F. E. Northup, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

MORLING, J.—Among defendant's points in motion for new trial and in arrest of judgment is the following, namely:

"That the said prosecution was not justified under the law, inasmuch as the statute relating to the failure to properly label intoxicating liquor relates to the instance where such liquor is to be intrusted to a common carrier, and has no application to a transportation otherwise, but, having been brought under the particular provision of this statute, this case and this cause, being tried upon such theory, constituted error. And the defendant should be granted a new trial herein, and there should be an arrest of judgment in this cause, and the defendant should be discharged, notwithstanding the verdict of the jury."

Section 1936, Code of 1927 (in force on the date of the alleged crime), declares:

"It shall be unlawful for any common carrier or for any person to transport or convey by any means, whether for com-

pensation or not, within this state, any intoxicating liquors, unless the vessel or other package containing such liquors shall be plainly and correctly labeled. * * * ,"

The punishment provided is a fine for each offense, of $100 and costs. Section 1934. This offense may not, therefore, be originally prosecuted in the district court, or on indictment. *Walters v. State,* 5 Iowa (Clarke) 507; Code of 1927, Section 13644; Constitution of Iowa, Article 1, Section 11.

Section 1945-a1, Code of 1927 (Section 2058, Code of 1924), reads:

"Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment and pay the costs of prosecution, including a reasonable attorney fee * * * "

The foregoing statutes are discussed in *State v. Wyatt,* 207 Iowa 322, and *State v. Purdin,* 206 Iowa 1058. We need not repeat what is there said. The case is prosecuted, not by information before a magistrate, but by indictment in the district court. The indictment alleges that defendant, "on the second day of March, A. D. 1926, in the county aforesaid, did unlawfully, willfully, and illegally transport in a motor vehicle certain intoxicating liquor, to wit, alcohol, without having said liquor properly labeled, contrary to the statute * * * " Defendant did not move or demur, but entered plea of not guilty; but, by Section 13946, motion in arrest must be granted "upon any ground which would have been ground of demurrer," or "when upon the whole record no legal judgment can be pronounced." The court, in charging the jury, set out the substance of Section 1936, and said that the material allegations of the indictment were: First, that defendant, on the day and year charged in the indictment, did unlawfully, willfully, and illegally transport in a motor vehicle certain intoxicating liquor, to wit, alcohol; second, that such liquor which was being so transported was not properly labeled, as provided by the above statutes, and that, if the jury found beyond a reasonable doubt that, in the county and about the time alleged, defendant "did unlawfully, willfully, and

illegally transport in a motor vehicle certain intoxicating liquors, to wit, alcohol, without having such liquor properly labeled, as before explained, then you should find the defendant guilty, as charged in the indictment * * * ''

The judgment is "a fine of $500, including an additional fee of $50 to the county attorney, and in default of such payment that defendant be committed to the county jail of Marshall County for the period of six months."

One of the assignments of error is:

"The claim is made that the punishment is excessive in the fine of $500. Also, that defendant should not have been committed to jail in default of payment of same for the period of six months."

Defendant argues, under this assignment:

"The sentence of six months in jail in default of payment of fine of $500 was hardly in keeping with the fine imposed, and would result in defendant, not being given that credit to which he would be entitled in the event he elected to serve the sentence and not pay the fine."

This contention does not harmonize with the theory that the prosecution was understood to be for an offense punishable only as provided by Section 1936. Defendant also argues that Section 1936 applies only to common carriers. The evidence does not show that defendant was a carrier between consignor and consignee. Section 1936, though it applies to both private and common carriers, is limited to the case of carriers between consignor and consignee. State v. Wignal, 150 Iowa 650; State v. Edwards, 205 Iowa 587; State v. Drain, 205 Iowa 581; State v. Corey, 205 Iowa 1042; State v. Wyatt, supra.

While there is much uncertainty as to the theory of the case in the court below, whether the prosecution was based on Section 1936 or 1945-a1, or whether both sections were there construed together, we are of the opinion that the prosecution was based on Section 1936, and such was the theory adopted below; and, though defendant's argument is vague, the point that the prosecution could not, under the law, and on the theory on which the case was tried, be maintained, and that judgment should be

322

arrested, and defendant discharged, is fairly raised by motion in arrest, and should have been sustained.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.