STATE of Iowa, Appellant,

v.

Bruce W. OLDFATHER, Appellee.

No. 65142.

Supreme Court of Iowa.

June 17, 1981.

Phillip N. Norland, Worth County Atty., and John J. Hines, Asst. Worth County Atty., for appellant.

William Pappas and Barry L. Anderson, Mason City, for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

LARSON, Justice.

Bruce W. Oldfather was charged with "terrorism" under section 708.6, Code Supp. 1977, as a result of an encounter between two automobiles on a public highway. Motions for directed verdict, made at the conclusion of the State's evidence and at the conclusion of the case, challenged the applicability of the terrorism statute and the sufficiency of the evidence. These motions were denied, and the jury returned a verdict of guilty. Oldfather again raised these issues by filing a motion in arrest of judgment under Iowa Rule of Criminal Procedure 23(3)(a). This motion was sustained, and the State appealed, under the authority of rule 23(4)(c). We affirm the trial court, with instructions for further disposition.

At trial, the State's evidence showed that a station wagon, allegedly driven by Oldfather, was "repeatedly engaged in maneuvers calculated to force another vehicle off the road." Members of a family named Kuhl, occupants of the other vehicle, testified that the station wagon "tailgated" their car, passed them, pulled into their lane, and suddenly braked to a speed of 15 m. p. h., then prevented them from passing, braking and blocking in an apparent attempt to force the Kuhl car to pull over. At one point the Oldfather car allegedly pulled sharply into the Kuhl lane, and a collision with the Kuhl car was avoided only by swift, evasive action by its driver.

While not disputing that these events may have in fact "terrorized" the occupants of the Kuhl car, Oldfather nevertheless maintained in his motions for directed verdict and for arrest of judgment that this is not the type of act proscribed by our terrorism statute, which provides:

A person commits a class D felony when the person does any of the following with the intent to injure or provoke fear or anger in another:

1. *Shoots, throws, launches, or discharges a dangerous weapon at or into* any building, vehicle, airplane, railroad engine or railroad car, or boat occupied by another person, and thereby places the occupants thereof in reasonable apprehension of serious injury.

2. Threatens to commit a forcible felony under circumstances raising a reasonable expectation that the threat will be carried out.

§ 708.6, Code Supp.1977 (emphasis added). The trial court granted the motion on two grounds: that the terrorism statute was inapplicable and that the State had failed to identify Oldfather as the driver.

On appeal, the State argues that a motion in arrest of judgment is not available under the circumstances of this case because it may not be used to raise a defect in the information or the sufficiency of the evidence. The State argues that even if arrest of judgment could be implemented, the court erred in granting it because the acts charged did fall within the terrorism statute and the identification evidence was sufficient to generate a jury issue.

*I. The motion in arrest of judgment.* Rule 23(3)(a) provides that

[a] motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted *when upon the whole record no legal judgment can be pronounced.*

(Emphasis added.)

■ We may summarily deal with the issue of the sufficiency of the identification testimony: A motion in arrest of judgment may not be used to challenge the sufficiency of evidence. *State v. Young,* 153 Iowa 4, 6, 132 N.W. 813, 814 (1911); 21 Am.Jur.2d *Criminal Law* § 522, at 508 (1965); 24 C.J.S. *Criminal Law* § 1526, at 355 (1961). The trial court erred insofar as the motion was sustained on that ground; however, it sustained the motion on the additional ground that the terrorism statute was inapplicable to the facts of the case. The State argues that this was error because the "appropriateness of the charge" cannot be challenged by a motion in arrest of judgment. According to its argument, that determination must be made by the jury "after receiving appropriate instructions." The State contends the decision as to what charges are filed is within the discretion of the county attorney, citing *State v. Uebberheim,* 263 N.W.2d 710, 712 (Iowa 1978); and if a trial court were to insert itself into the process it must do so by its rulings on directed-verdict or new-trial motions, not through arrest of judgment. However, the county attorney's decision as to what criminal charges shall be brought will obviously not be binding upon the trial court, which must decide what issues shall ultimately be submitted to the jury or reduced to judgment. Allowing a jury to decide, as the State suggests, whether terrorism was an "appropriate" charge would, in effect, make it a question of fact. That determination must be made by the trial court, not the jury. That still leaves the ultimate procedural issue, however, whether the court may do so by arresting the judgment.

■ The arrest of judgment procedure has been a part of our criminal procedure statutes for many years, in substantially the same form as it now exists. In its original form the statute provided two grounds for relief: (1) when a demurrer could be sustained, and (2) as in the present rule, "when upon the whole record, no legal judgment can be pronounced." The demurrer-based grounds were eliminated to make the procedure consistent with the rule (now embodied in Iowa R.Crim.P. 10(2)(b)) that defects in the indictment or information are waived if not raised prior to trial. *State v. Kirkpatrick,* 220 Iowa 974, 976 (1936); *State v. Frey,* 206 Iowa 981, 986–87, 221 N.W. 445, 448 (1928). The remaining ground for arrest of judgment is the one which Oldfather asserts: that "upon the whole record" no legal judgment could be pronounced.[1]

Our cases have not defined the term "whole record," although it is clear that it does not refer to the evidence of the trial itself. *See State v. Bading,* 236 Iowa 468, 471, 17 N.W.2d 804, 807 (1945); *State v. Young,* 153 Iowa at 6, 132 N.W. at 814; *see also* 21 Am.Jur.2d *supra* § 522, at 508; 24

1. For comparison of the *procedure* of the earlier arrest of judgment statutes and present rule 23(3)(a), *see State v. Gardner,* 274 N.W.2d 328, 329 (Iowa 1979).

C.J.S. *supra* § 1526 at 354. Recent cases, challenging the voluntariness of guilty pleas, illustrate one type of "record" which may be examined in arrest of judgment cases. The record in those cases consisted of coercion evidence outside the record of the reported proceedings. *See, e. g., State v. Gruber*, 281 N.W.2d 636, 638–39 (Iowa 1979); *State v. Hellickson*, 162 N.W.2d 390, 393 (Iowa 1968).

The State argues that the problem here, if any, is that there was insufficient evidence to support the charge and Oldfather's challenge is therefore beyond the reach of the arrest of judgment procedure. We believe, however, that the issue is not the sufficiency of the evidence, but one of statutory interpretation: whether the term "launch," as used in the statute, is broad enough to be applicable here. The applicability of the underlying statute, like the evidence of coercion, lies outside the scope of recorded proceedings, but is nonetheless a part of the "whole record," for purposes of arresting judgment.

The view that the arrest of judgment procedure may be used in such a case is implicit in *State v. Wyatt*, 207 Iowa 319, 222 N.W. 866 (1929). In *Wyatt* it was not clear which of two bootlegging statutes were alleged to have been violated. One statute required a shipment between a consignor and a consignee, the other did not. It appeared to the court that the statute whose violation had been charged was inapplicable and, while it did not discuss the procedural aspects, held a motion in arrest of judgment should have been granted. Other authorities lend support to this view:

> It is ground for arrest of judgment that it appears from the indictment that is based on a statute which had been repealed, or on one which is unconstitutional and void, or which imposes no penalty for its infraction, or *which is not applicable.*

24 C.J.S. *supra* § 1544 at 371 (emphasis added); *accord, Hopewell v. State*, 22 Ind. App. 489, 494, 54 N.E. 127, 129 (1899).

There is also a practical consideration which lends support to this view: Once a verdict of guilty is returned, a trial court has only three options: (1) grant a new trial, (2) enter judgment on the verdict, or (3) arrest the judgment.[2] *See State v. Sullivan*, 215 N.W.2d 491, 493 (Iowa 1974); Iowa R.App.P. 23. If the underlying statute is not applicable, granting a new trial would leave the original charge intact and would merely perpetuate the issue. And entering judgment, void under the circumstances, would obviously be inappropriate. Arrest of judgment appears to be the only suitable vehicle by which to raise the issue after trial.

We conclude the arrest of judgment procedure of rule 23(3) was properly used here.

■ *II. Does the terrorism statute apply?* Section 708.6(1) provides that terrorism may be committed if a person, with intent to injure or provoke fear or anger in another, "shoots, throws, launches, or discharges a dangerous weapon at or into any ... vehicle ...." The State maintains that this section significantly expanded the previous definition of terrorism, § 714.2, The Code 1977 (prohibiting throwing or shooting), by adding "launch[ing] or discharg[ing] a dangerous weapon." Addition of the word "launches," the State argues, signifies an intent to cover the type of factual situation here. According to its argument, the sudden change of course of the Oldfather car into the path of the Kuhls amounted to a launching under the statute. The trial court submitted only one of the alternative means of committing the offense: that of "launching" a dangerous weapon. It is clear that an automobile, if it

---

**2.** A judgment notwithstanding the verdict is not a part of our criminal procedure. *State v. Sullivan*, 215 N.W.2d 491, 493 (Iowa 1974); *State v. Deets*, 195 N.W.2d 118, 124 (Iowa 1972). It would arguably not be an appropriate remedy in any event if the proceedings were based on a statute which is inapplicable because it would result in a final judgment. On the other hand, an order arresting judgment merely would ordinarily return the defendant to the pre-trial stage of the proceedings, without final adjudication. *See* Iowa R.Crim.P. 23(3)(d).

is used in such a manner as to indicate an intent to inflict death or serious injury, may be a "dangerous weapon" under the terrorism statute. *See* § 702.7, Code Supp. The issue, however, is whether an automobile may be "launched" as that term is used in the statute. The trial court said in its instructions that

> [t]he word "launches" ... means to send forth with some force, as the catapult launched into the air.

One dictionary definition of "launch" is "to dart or throw forward [as one] launched a looping right to the jaw [or] suddenly launched himself from between his guards ...." Webster's Third New International Dictionary 1278 (unabridged 1961). Another is "to release or catapult (a self-propelling object) from a ramp, rack, or other device." *Id.*

 In the present case Oldfather's act might conceivably fall within the first definition, implying a darting effect. However, words must be construed according to their context and approved usage. § 4.1(2), The Code. When viewed in context, we do not believe a car may be "launched" in the manner contemplated by section 708.6. Our rule is that words in a criminal statute are to be interpreted strictly, *State v. Welton,* 300 N.W.2d 157, 160 (Iowa 1981); *State v. Hellwege,* 294 N.W.2d 689, 691 (Iowa 1980); and if they are subject to different interpretations, the doubt will be resolved in favor of the defendant, *State v. Lawr,* 263 N.W.2d 747, 750 (Iowa 1978); *State v. Conley,* 222 N.W.2d 501, 502 (Iowa 1974).

The applicability of the statute is subject to considerable doubt. Under our rule that doubt must be resolved against the State, and thus the trial court was correct in arresting judgment on that ground.

*III. Disposition.* Rule 23(3)(d) provides that "[t]he effect of an order arresting judgment is to place the defendant in the same situation in which he or she was immediately before the indictment was found or the information filed." Rule 23(3)(e) provides that if there is reasonable ground to believe some offense has been committed, the court

may order the defendant to be recommitted to the officer of the proper county, or admitted to bail or otherwise released anew, to answer the indictment. In such case the order arresting judgment shall not be a bar to another prosecution. But if the evidence upon trial appears to the trial court insufficient to charge the defendant with any offense, the defendant must, if in custody, be released ....

The Court's order arresting judgment said that it "finds that the evidence is insufficient to charge the defendant with this offense, and the defendant is released. However the prosecution may find in their judgment that they can start another prosecution, and this ruling will not be a bar to another prosecution." It made no finding, however, whether there was a "reasonable ground to believe some [other] offense had been committed," as required by rule 23(3)(e). Such finding, and a specific order for disposition, should be entered and the case prosecuted under different charges, or dismissed, accordingly.

AFFIRMED WITH INSTRUCTIONS.