# IN THE COURT OF APPEALS OF IOWA

No. 3-1151 / 13-0145
Filed February 19, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MASCHELLE J. DUFF,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

        Maschelle Duff appeals her convictions for assault on a peace officer and interference with official acts.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget Chambers, Assistant Attorney General, Jennifer Miller, County Attorney, and Suzanne Lampkin, Assistant County Attorney, for appellee.

        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Maschelle Duff appeals her convictions for assault on a peace officer and interference with official acts. Duff argues there is insufficient evidence to support the convictions. As there is substantial evidence to show Duff intended to harm Officer Ball and knowingly resisted or obstructed lawful orders given by Ball, we affirm.

**I.      Background Facts and Proceedings**

On May 8, 2012, Melbourne, Iowa Police Chief Michael Ball (Ball) obtained an arrest warrant for Maschelle Duff (Duff). Ball decided to serve the warrant by conducting a traffic stop of Duff's vehicle, believing this would be safer than arresting Duff at her home. While waiting for Duff to return home, Ball, who was in uniform at the time, spotted Duff in her vehicle. Ball made eye contact with Duff, at which point Duff stopped her vehicle in the middle of the street. After Ball activated the emergency lights on his squad car, Duff backed into a driveway. Attempting to prevent Duff from driving away, Ball pulled up and parked his vehicle in front of the driveway. After again making eye contact with Duff, Ball gestured for Duff to stop. Duff shook her head to indicate she would not do so and while maintaining eye contact quickly accelerated towards the driver's door of Ball's car. The vehicles did not collide as Ball was able to move his car to avoid Duff

Missing Ball's car, Duff drove through a neighboring yard and back onto the street. Anticipating Duff's destination, Ball was able to arrive at Duff's house first and parked next to the driveway. Ball stood in Duff's driveway in an attempt

to prevent her from entering her home. After being directed to stop, Duff drove up the driveway towards Ball. Ball quickly moved out of the way to avoid being hit and began ordering Duff to exit her car. After several minutes and with the assistance of two other police officers, Duff exited the car and was arrested.

## II.     Standard of Review

Our review of challenges to the sufficiency-of-the-evidence is for errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We consider the record in the light most favorable to the jury verdict, including all reasonable inferences that may have been drawn. *Id.* The verdict will be upheld when supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

## III.     Discussion

Duff argues the State failed to prove the intent element of both charges. Specifically, the aggravated-assault charge required proof Duff intended to place Ball in fear of immediate physical contact that would be painful, injurious, insulting, or offensive; and Duff used or displayed a dangerous weapon with the specific intent to inflict serious injury. The interference-with-official-acts charge also required proof of Duff's intent to inflict serious injury or she displayed a dangerous weapon.

Reviewing the record in the light most favorable to the guilty verdict, we find a reasonable juror could conclude, beyond a reasonable doubt, Duff drove her vehicle at Ball in a manner designed to either injure him so he could not

arrest her or force him to move because of the imminent threat of physical harm. The inference is strengthened by Ball's testimony that he motioned for Duff to stop and Duff signaled her intention to ignore Ball's direction. We also find Duff used a dangerous weapon with intent to inflict serious injury. A motor vehicle, when driven in a way that indicates intent to cause serious injury or death, may be a dangerous weapon. *See State v. Oldfather*, 306 N.W.2d 760, 764 (Iowa 1981). According to Ball's testimony, Duff accelerated her vehicle directly at the driver's side door of his squad car and later drove the car directly at Ball when he was standing in her driveway. A collision, avoided only because Ball moved his vehicle out of Duff's way and later by moving quickly from her path on the driveway, could have caused serious injury or death. Based upon her actions, a reasonable juror could conclude the vehicle was driven in a way indicating intent to cause serious injury to Ball. The same is true on the interference-with-official-acts charge. Duff's actions could be used to infer her intent to inflict serious injury upon Ball. Finding substantial evidence to support the conviction, we affirm.

**AFFIRMED.**