# IN THE COURT OF APPEALS OF IOWA

No. 16-0289
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAD WALKER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jones County, Lars G. Anderson,
Judge.


A defendant appeals his conviction for possession of methamphetamine
with intent to deliver, claiming his attorney did not effectively communicate the
State's plea offers.  **AFFIRMED.**


John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger and Tyler J.
Buller, Assistant Attorneys General, for appellee.


Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

A jury found Tad Walker guilty of possessing methamphetamine with intent to deliver, a class "B" felony. That conviction carried an indeterminate twenty-five-year sentence with a mandate he serve one-third of his sentence before being eligible for parole. On appeal, he claims his attorney did not adequately explain the State's plea offers and argues for an extension of the holding in *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). Because the record does not contain enough information for us to decipher whether Walker received competent representation, we affirm his conviction and preserve his ineffective-assistance claim.

## I. Facts and Prior Proceedings

In the early morning hours of April 7, 2015, an Anamosa police officer stopped a car driven by Karen Waters for equipment violations. Walker was a front-seat passenger. During the stop, a second officer arrived with a drug dog that "hit on the vehicle." Inside the car, officers found a silver canister holding 1.5 grams of methamphetamine and a second canister in a camouflage coat on the backseat holding another 17.5 grams of methamphetamine. Also inside the coat was a flashlight marked with the initials T.W. Waters told police the coat belonged to Walker, though he denied ownership.

The Jones County Attorney charged Walker with possession of more than five grams but not more than five kilograms of methamphetamine with intent to deliver, a class "B" felony, in violation of Iowa Code sections 124.401(1)(b)(7) and 124.413 (2013). The parties participated in several pretrial conferences

before going to trial on December 8, 2015. On December 9, the jury found Walker guilty as charged.

On January 5, 2016, Walker—through new counsel—filed a motion in arrest of judgment under Iowa Rule of Criminal Procedure 2.24(3), alleging he "did not receive proper or complete representation by his trial counsel Tim Schemmel." In particular, the motion alleged:

> Mr. Schemmel was extremely difficult (near impossible) to get a hold of to discuss his case due to Mr. Schemmel[]'s very heavy and extreme case load. This inability to speak with and confer with counsel led Defendant to not fully understand the pending charges (and resulting consequences of a conviction on those pending charges), the pros and cons of proceeding to trial, along with the potential benefits and terms of various plea offers forwarded by the State . . . .

Attached to the motion was an exhibit listing three plea offers made by the State with Schemmel's handwritten notations.[1] The court held a hearing on Walker's motion in arrest of judgment on January 22, 2016. Before sentencing on February 8, the court denied relief on the motion. Walker now appeals, contending the court erred in denying the motion in arrest of judgment.

## II. Scope and Standards of Review

We review claims of ineffective assistance of counsel de novo because they are grounded in the Sixth Amendment. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). Walker bears the burden to show a breach of duty by trial

---

[1] Counsel memorialized the offers as follows:
1 FE6123 - Plead to Class C 10 (down from B 25)
- State bound by PSI rec, Δ may req Deferred
- SR6163 dismissed
2 FE6123 - Plead to Agg PCS, 1 yr. in Jones Co. Jail
- SR6163?
3 FE6123 - Plead to Class D 5 (down from B 25)
- Probation (street)
- SR6163: 30 d in JCJ

counsel and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A defendant need not raise an ineffective-assistance-of-counsel claim on direct appeal from the criminal proceedings to preserve the claim for postconviction purposes. *See* Iowa Code § 814.7(1). But a defendant may do so if he has "reasonable grounds to believe that the record is adequate to address the claim on direct appeal." *Id.* § 814.7(2). Generally, we postpone deciding such claims until they are raised in postconviction proceedings, but we will resolve them on direct appeal if the record is adequate. *See Thorndike*, 860 N.W.2d at 319. Although Walker made a record on his motion in arrest of judgment, we find the evidence presented was insufficient to decide the competence and reasonableness of trial counsel's performance.

## III. Analysis

The question posed on appeal is whether trial counsel delivered effective assistance during the plea-bargaining process. The right to effective assistance applies to "certain steps before the trial." *Frye*, 132 S. Ct. at 1405. The *Frye* court observed the negotiation of a plea bargain is "almost always the critical point for a defendant" and held, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1407-08.

Walker acknowledges his case differs from *Frye* because attorney Schemmel did tell him about the plea offers. But Walker argues *Frye* should be extended to circumstances where defense counsel did not adequately explain

the plea offers and was not available to answer the client's questions about them before the offers expired.

We decline to reach those questions today because the record is not adequate to verify the details of Walker's allegations. That is not to say the record is nonexistent. Before sentencing, Walker did obtain new counsel who raised claims regarding trial counsel's conduct during plea negotiations. But Walker's new counsel raised those claims in the context of a motion in arrest of judgment. "A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted when upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(a). The term "whole record" does not refer to the evidence of the trial itself. *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981). Rather, a motion in arrest of judgment may be used after a jury's verdict to challenge the applicability of the underlying statute. *Id.* at 763. As the State argued both before the district court and on appeal, a motion in arrest of judgment is not the proper mechanism to argue ineffective assistance of counsel.

The hearing on Walker's motion in arrest of judgment did not allow for a fully developed record. Although the district court tried to resolve the ineffective-assistance claim, it acknowledged the record before it was "really insufficient." On appeal, the State points out:

> There is no record of the specifics of the plea agreement, which are essential to verifying the defendant's claim of ineffective assistance. . . . Evidence of specific meetings, correspondences, and conversations is relevant to determining the competence and reasonableness of trial counsel's conduct. The current record may be insufficient to determine the adequacy of trial counsel's effectiveness.

The State's multiple plea offers appear to encompass a wide-range of options, including sentences much more lenient than that received by Walker following the jury's verdict. We believe it will be important for a postconviction court to assess whether Walker received reasonably competent assistance before rejecting those offers and going to trial. We are unable to make that assessment on the current record.

**AFFIRMED.**