# IN THE COURT OF APPEALS OF IOWA

No. 15-2128
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM LAMONT TAYLOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


        A defendant appeals his convictions for assault on a peace officer with a

dangerous weapon, as an habitual offender, and eluding. **AFFIRMED**.


        Nicholas B. Dial of Dial Law Office, P.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

After a high-speed chase through Des Moines, William Taylor ran his sports utility vehicle (SUV) head-on into a squad car driven by a peace officer. A jury convicted Taylor of assault on a peace officer with a dangerous weapon and eluding. He appeals those convictions, contending (1) the State failed to offer sufficient proof of his assaultive intent and (2) his trial counsel was ineffective for not impeaching four peace officer-witnesses with their prior testimony. Because the State presented substantial evidence from which the jurors could infer Taylor's specific intent to cause pain or injury to the officer or to place the officer in fear of immediate physical contact, which would have been painful, injurious, insulting, or offensive, we affirm the assault verdict. On the impeachment issue, the district court denied Taylor's request for a new trial on this allegation of ineffective assistance of counsel. We reach the same result on appeal. Finally, we find no ground for reversal in Taylor's pro se supplemental brief. Accordingly, we affirm his convictions.

## I.       Facts and Prior Proceedings

On patrol in the early morning hours of June 13, 2015, Des Moines police noticed a Mercury Mountaineer SUV being driven without proper license plates. When the officers signaled the driver to stop, he instead accelerated—reaching speeds of 80 miles per hour on Interstate 235 and 60 miles per hour in residential neighborhoods. About four miles into the pursuit, the driver—later identified as Taylor—drove onto his own yard and was surrounded by three squad cars. Three separate dash cameras recorded the incident. The videos show Taylor

making a U-turn on the grass, and then revving his engine, before ramming headlong into a squad car driven by Officer Trevor Spear.

The officers seized Taylor, who told them he was running because he had a warrant out for his arrest. The State charged Taylor with assault on a peace officer with a dangerous weapon, in violation of Iowa Code section 708.3A(2) (2015), as an habitual offender, under section 902.8 and 902.9, and eluding, in violation of section 321.279(2). A jury convicted Taylor on both offenses, and he stipulated to his prior felony convictions. The district court sentenced Taylor to a total of fifteen years in prison with a mandatory minimum term of three years. Taylor now appeals.

## II.      Scope and Standards of Review

We review Taylor's challenge to the sufficiency of the evidence for the correction of legal error. *See State v. Reed*, 875 N.W.2d 693, 704 (Iowa 2016). If the jury's verdict is supported by substantial evidence, we uphold it. *See State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). "Substantial" describes evidence from which a reasonable fact finder could determine a defendant's guilt beyond a reasonable doubt. *Id.* We review the facts in the light most favorable to the verdict and consider not only evidence bolstering the verdict, "but all reasonable inferences which could be derived from the evidence." *See id.*

We review Taylor's claim of ineffective assistance of counsel de novo because it is grounded in the Sixth Amendment. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). Taylor bears the burden to show a breach of duty by trial counsel and resulting prejudice. *See Strickland v. Washington*, 466 U.S.

668, 687 (1984). Failure to prove either prong is fatal to Taylor's claim. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006).

### III. Analysis

### A. Assault on a Peace Officer—Proof of Specific Intent

Taylor argues the State did not prove he had the requisite intent to assault Officer Spear.[1] As an element of assault on a peace office with a dangerous weapon, the State was required to prove Taylor did an act (a) intended to cause Officer Spear pain or injury or intended to result in physical contact, which would be insulting or offensive to Officer Spear, or (b) intended to place Officer Spear in fear of immediate physical contact, which would be painful, injurious, insulting, or offensive. *See* Iowa Code § 708.1(2). Taylor asserts he was just trying to flee the scene and did not intend to hurt Officer Spear or place the officer in fear of offensive conduct. Taylor contends, at best, the State's evidence showed he acted recklessly.

Specific intent is "seldom capable of direct proof, but may be shown by reasonable inferences drawn from facts established." *State v. Chatterson*, 259 N.W.2d 766, 769–70 (Iowa 1977). Also at play is "the presumption that a person intends the natural consequences of his intentional acts." *Id.* at 770.

The district court denied Taylor's motion for judgment of acquittal, finding "sufficient evidence with regard to the testimony of the officers and through

---

[1] Taylor does not challenge the State's proof that the SUV was a dangerous weapon. *See State v. Oldfather*, 306 N.W.2d 760, 763–64 (Iowa 1981) (stating an automobile, if "used in such a manner as to indicate an intent to inflict death or serious injury, may be a 'dangerous weapon'" (citation omitted)); *see also State v. Campbell*, No. 10-0117, 2013 WL 4011071, at *8 (Iowa Ct. App. Aug. 7, 2013) (finding sufficient evidence to support assault-with-dangerous-weapon conviction when defendant drove into the victim with a car).

videos to create a jury question as to whether or not the defendant intended to commit an assault." We see no error in the court's ruling. Officer Spear testified to his belief that his vehicle was "intentionally struck by the defendant's vehicle." The State also presented testimony from Officer Ben McCarthy who saw that Taylor's only exit from the yard was to strike a police vehicle—"he either intended to continue to flee or hurt an officer. But whichever one he intended to do, an officer was going to get hurt in the process." The jury was entitled to credit the officers' views and discredit Taylor's testimony that he did not intend to strike any police vehicles. *See Reed*, 875 N.W.2d at 705 (reiterating "jury [is] free to reject certain evidence, and credit other evidence" (alteration in original) (citation omitted)).

The jurors also had the opportunity to watch dash-camera videos showing Taylor's maneuvers and could judge for themselves whether his actions showed a specific intent to cause the officer pain or injury or place the officer in fear of undesirable contact. It was reasonable for the jurors to infer from Taylor's aggressive driving that he intended to injure the officer or place the officer in fear of offensive contact. We decline to disturb the jury's verdict.

### B. Ineffective Assistance—Cross-Examination

Taylor next argues his trial counsel performed below constitutional standards by not "effectively" cross-examining the four peace officers with their depositions or preliminary-hearing testimony. Normally, we preserve these claims for postconviction actions so that a better record can be made. *State v. Palmer*, 791 N.W.2d 840, 850 (Iowa 2010). But preservation is not necessary in this case because Taylor raised the issue of ineffective assistance of trial counsel

as part of his pro se motion for a new trial. The State provided copies of the officers' depositions as part of its resistance to the new-trial motion.

At the hearing on the motion for new trial, Taylor told the court: "I kept writing notes to my attorney asking him to question [the officers] and cross-examine according to what they had stated during the deposition and why their statements were different now. He refused to do it." Trial counsel made a professional statement that he represented Taylor to the best of his ability "given the information that we had." The district court denied Taylor's motion for a new trial, explaining:

> I reviewed those depositions that you talked about, and I don't believe that they show that the officers provided contradictory testimony at trial. I didn't see any material differences in their depositions and what information was provided at trial once their depositions are read fully and in all context.

In a written ruling, the district court held "the officers' trial testimony was materially consistent with the testimony provided during the depositions" and "their testimony was materially consistent to each other."

Taylor's appellate counsel renews the attack on trial counsel's performance, pointing to snippets of the officers' testimony from the preliminary hearing and their depositions that he alleges are inconsistent with their statements at trial. Like the district court, after reviewing the totality of the record, we see no material inconsistencies between the officers' prior testimony and their trial testimony. For instance, Officer McCarthy testified in his deposition that Taylor's act of striking Officer Spear's car "seemed to be intentional because the squad car had pulled up in front of the yard, and [Taylor] had made a U-turn and rammed right into the squad car." At trial, Officer McCarthy testified: "I didn't

know if it was intentional until at the end of the chase when he had pulled up in the yard, made a U-turn into the grass of the yard and came down and rammed the head-on of the squad car that was at the bottom of the yard in the street." Taylor fails to show his trial counsel breached a material duty in how he handled the cross-examination of Officer McCarthy or the other three officers. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) ("Defense counsel's cross-examination of the eyewitnesses in this case was clearly competent as is evident from the record. Counsel did not breach any essential duty to the defendant by failing to pose specific cross-examination questions defendant would prefer him to ask.").

### C. Pro Se Supplemental Brief

Taylor filed a pro se supplemental brief. While his arguments are disjointed, he appears to advance two issues distinct from those raised by counsel.[2] First, he asserts neglect of his medical conditions by the Polk County jail. Because this claim seeks a remedy other than modification or reversal of his criminal conviction and sentence, we cannot address it here. Second, he suggests a discrepancy between transcripts and the district court proceedings, but he provides no details and does not argue how any inaccuracy prejudiced his case. Accordingly, Taylor's pro se claims provide no basis for relief.

**AFFIRMED.**

---

[2] Taylor also includes an issue heading entitled "prosecutorial misconduct" but does not provide any analysis of that issue. Accordingly, we cannot reach that claim. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994) (holding mention of an issue without substantive argument or supporting authority is insufficient to raise the issue for appellate review).