# IN THE COURT OF APPEALS OF IOWA

No. 17-0206
Filed August 16, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KEVIN LEE GLASSMEYER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jones County, Paul D. Miller, Judge.

A defendant challenges the factual basis for his plea of guilty.

**AFFIRMED.**

Cory J. Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

After driving a stolen Dodge Durango into two patrol cars, Kevin Glassmeyer faced multiple criminal charges. He reached a plea agreement with the State that included his admission to one count of assault on a peace officer with a dangerous weapon. He now appeals his conviction, contending his counsel was ineffective for allowing him to plead guilty without an adequate factual basis. Specifically, Glassmeyer argues the record fails to show the Durango was a dangerous weapon. Because Glassmeyer's statements at his plea hearing, in conjunction with the minutes of evidence, establish a sufficient factual basis for the plea, we affirm Glassmeyer's conviction.[1]

## I.    Facts and Prior Proceedings

According to the minutes of evidence, on November 4, 2016, a Monticello police officer spotted a white Dodge Durango matching the description of a stolen vehicle law enforcement believed to be in the area. Dispatch confirmed the Durango had been reported as stolen, and the officer signaled the Durango to pull over after the driver failed to obey a stop sign. But instead, the driver—later identified as Glassmeyer—increased his speed to 110 miles per hour in a 65-mile-per-hour zone and drove toward a residence, through the yard, and into a field before returning to the road and continuing to flee.

---

[1] Glassmeyer also asks us to preserve for postconviction relief a claim his counsel was ineffective for allowing him to plead guilty to the assault charge and first-degree criminal mischief "based on the lack of evidence." To the extent Glassmeyer's argument relates to the factual basis for his guilty plea to the assault charge, we reject his claim for the reasons detailed in this opinion. But to the extent his argument exceeds the scope of this opinion, Glassmeyer may raise the claim in a postconviction-relief proceeding without preservation on direct appeal. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

A Jones County sheriff's deputy positioned his patrol car in front of the Durango in an attempt to stop it, but Glassmeyer swerved around the idling vehicle and drove down Monticello's Main Street. As the Durango sped through town, the officers managed to get in front of it and block the street with their patrol cars. The Durango ran squarely into their makeshift barricade, causing significant damage to the police vehicles.

The officers approached the Durango, weapons drawn, and ordered Glassmeyer to stop. But Glassmeyer maneuvered around the damaged patrol cars and continued down Main Street until one of the officers finally succeeded in disabling the Durango. Glassmeyer sprang from the vehicle, and officers apprehended him shortly thereafter.

The State charged Glassmeyer with several crimes arising out of the incident, including three counts of assault on a peace officer with a dangerous weapon (vehicle)—in violation of Iowa Code sections 708.1 and .3A(2) (2016).[2] In accordance with a plea agreement, Glassmeyer pleaded guilty to one assault count, as well as several other charges, on January 30, 2017, and asked to move directly to sentencing.[3] Before accepting Glassmeyer's plea, the district court

---

[2] The State also charged Glassmeyer with first-degree criminal mischief; operating a motor vehicle without the owner's consent; eluding or attempting to elude; operating while intoxicated (OWI), third or subsequent offense; felon in possession of a firearm; and driving while barred as an habitual offender. After finding methamphetamine in a search of the Durango, the State additionally charged Glassmeyer with possession of methamphetamine with the intent to deliver.

[3] As part of the agreement, Glassmeyer also pleaded guilty to first-degree criminal mischief; operating a motor vehicle without the owner's consent; eluding; OWI, third or subsequent offense; felon in possession of a firearm; driving while barred as an habitual offender; and a lesser-included charge of possession of methamphetamine with the intent to deliver. The State agreed to dismiss two assault counts and five simple misdemeanors. Glassmeyer also entered an *Alford* plea—consenting to the imposition of a sentence without admitting participation in the crime, *see North Carolina v. Alford*,

questioned Glassmeyer about the factual basis for the assault: "[O]n the date in question, which we've established, did you willfully assault a deputy, knowing he was a peace officer by using a dangerous weapon, and in this case that was a vehicle being driven at or towards him? Did you do that, sir?" Glassmeyer responded: "Yes, sir."

The court imposed multiple terms of incarceration to be served concurrently. As relevant to this appeal, for the assault charge, the court ordered an indeterminate five-year term of incarceration, with a five-year mandatory minimum sentence. *See* Iowa Code §§ 702.11, 902.7, 902.9(1)(e).

Glassmeyer appeals his conviction for assault on a peace officer with a dangerous weapon.

## II. Scope and Standard of Review

Ineffective-assistance-of-counsel claims are based in the Sixth Amendment; accordingly, our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Glassmeyer must prove both (1) his plea counsel failed to perform an essential duty and (2) that failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If plea counsel permitted Glassmeyer to plead guilty or declined to file a motion in arrest of judgment when the record disclosed no factual basis to support the plea, the first prong is satisfied. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). In the absence of a factual basis, we presume prejudice. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

---

400 U.S. 25, 37–38 (1970)—to resolve a second-degree theft charge from September 2016.

### III. Analysis

Glassmeyer claims his attorney was ineffective in allowing him to enter a guilty plea to assault on a peace officer with a dangerous weapon. He argues, to adequately establish a factual basis for the offense, the court should have asked him if he drove the Durango at the officers with the intent to cause death or serious injury. The State responds that the minutes of evidence "demonstrate that Glassmeyer intended to use the vehicle he was driving as a weapon when he deliberately crashed the Durango into several marked patrol cars and the uniformed officers that tried to stop him from continuing on his crime spree."

We first examine what is required of the plea-taking court. Iowa Rule of Criminal Procedure 2.8(2)(b) requires the court to ensure a defendant's guilty plea has a factual basis before accepting it. *State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 768. While the record need not show the crime was committed beyond a reasonable doubt, the record must contain facts supporting the charge. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

Here, we must decide whether the record contains a factual basis to support the "dangerous weapon" element of assault on a peace officer with a dangerous weapon. Iowa Code section 702.7 defines a dangerous weapon as including "any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being." Both parties acknowledge a vehicle may qualify as

a dangerous weapon under the statute.  *See State v. Oldfather*, 306 N.W.2d 760, 763–64 (Iowa 1981).

We conclude the minutes of evidence provide a factual basis for the "dangerous weapon" element.  The State expected to offer police testimony describing a high-speed chase led by Glassmeyer in the stolen Durango.  Glassmeyer ignored an officer's signal to stop and tried to escape the pursuit by driving across a yard and farm field.  Glassmeyer then evaded a deputy's attempt to block the road on the outskirts of Monticello but eventually drove directly into two marked patrol cars set up as a barrier in town.  A fact finder could infer from Glassmeyer's prior evasive actions that he intentionally rammed the patrol cars.  Because the minutes disclose Glassmeyer drove the Durango in a way that indicated his intent to cause serious injury or death to the officers, we find an adequate factual basis for his guilty plea.  *See State v. Evans*, 671 N.W.2d 720, 724–25 (Iowa 2003) (noting "[i]ntent is 'seldom capable of direct proof'" and "a trier of fact may infer intent from the normal consequences of one's actions" (citation omitted)).  Accordingly, counsel did not fail to perform an essential duty when he permitted Glassmeyer to plead guilty or when he declined to file a motion in arrest of judgment.  *See Ortiz*, 789 N.W.2d at 768.  We affirm Glassmeyer's assault conviction.

**AFFIRMED.**