# IN THE COURT OF APPEALS OF IOWA

No. 23-0918
Filed December 4, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JAMES MICHAEL COLEMAN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Melissa Anderson-Seeber, Judge.

     A criminal defendant appeals his convictions for possession of contraband in a correctional facility and possession of a controlled substance. **AFFIRMED.**

     Francis Hurley, Des Moines, for appellant.

     Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

     Heard by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

James Coleman appeals two drug convictions. He asserts the evidence was insufficient to establish he intended to knowingly introduce or possess drugs while confined in the county jail, even though he had methamphetamine in his sock when he walked into the lobby area of the county jail and was subsequently arrested and searched in the jail's intake area. We affirm.

## I.      Background Facts and Proceedings

The day before New Year's Eve, Coleman walked into the Black Hawk County Sheriff's Office—which housed the county jail—on a matter unrelated to this case. The entrance door had clear lettering: "METAL DETECTOR IN USE" and "ALL PERSONS ENTERING ARE SUBJECT TO SEARCH." Upon discovering an outstanding warrant for Coleman's arrest, deputies arrested Coleman in the lobby and took him to the intake area to be searched. During the search, Coleman hesitated in removing his right sock, and a deputy asked: "What have you got there?" Coleman removed a baggie of methamphetamine pills or tablets from his sock, held it up to his face, and said: "What the fuck is even in here? Oh hell no, whatever the fuck this is, that ain't mine."

The Black Hawk County Attorney charged Coleman by trial information with two counts relevant to this appeal: possession of contraband in a correctional facility, a class "D" felony in violation of Iowa Code section 719.7(3) (2022), and possession of a controlled substance—third offense, a class "D" felony in violation of section 124.401(5), both enhanced as a habitual offender under section 902.8.

The jury ultimately convicted Coleman as charged, and he stipulated to his prior convictions. The court sentenced Coleman to concurrent terms of fifteen years in prison, and he appeals.

## II.    Discussion

Coleman's sole challenge on appeal concerns sufficiency of the evidence underlying the contraband conviction.[1] His briefing references some combination of the motion for judgment of acquittal, motion in arrest of judgment, and motion for new trial. But a "motion in arrest of judgment may not be used to challenge the sufficiency of evidence." *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981). And a motion for new trial affords a lesser remedy than judgment of acquittal, which bars retrial under double jeopardy principles. *See, e.g.*, *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993). So we construe the substance of Coleman's challenges to the evidence as appeal from the denial of his motion for judgment of acquittal. And we recognize the supreme court has overruled longstanding case law requiring specific motions for judgment of acquittal to preserve error. *See State v. Crawford*, 972 N.W.2d 189, 197–202 (Iowa 2022) ("Iowa's appellate courts can review a defendant's challenge to the sufficiency of the evidence raised on direct appeal without regard to whether the defendant filed a motion for judgment of acquittal.").

We review for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most

---

[1] In addition to sufficiency of the evidence, the State briefed an issue related to speedy trial. We are not sure why. Coleman does not raise this issue on appeal.

favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

The jury was instructed[2] that the crime of possessing contraband in a correctional institution has five elements, including a disjunctive alternative means for the third element—possession:

> The State must prove all of the following elements of Possessing Contraband in a Correctional Institution (Count 1):
>
> 1. On or about the 30th day of December, 2022, James Michael Coleman was confined in the Black Hawk County Jail.
> 2. The Black Hawk County Jail is a correctional institution.
> 3. James Coleman possessed contraband, to wit: Methamphetamine, a controlled substance, by either:
>    a. Knowingly introduced contraband into, or onto, the grounds of the Black Hawk County Jail; OR
>    b. Knowingly possessed contraband while confined in the Black Hawk County Jail.
> 4. James Coleman knew that the substance he possessed was Methamphetamine.
> 5. James Coleman was not authorized by law to possess Methamphetamine.

Under Iowa's general-verdicts statute, we must uphold the contraband conviction if any marshaled alternative is supported by substantial evidence. *See* Iowa Code § 814.28. And although the State did not brief the application of the general-verdicts statute on appeal, the language enacted by the General Assembly restricts the power of our court, so we must apply it regardless of the briefing. *See id.* ("If the jury returns a general verdict, an appellate court shall not set aside or

---

[2] There is no model instruction for Iowa Code section 719.7(3). Because it was not objected to below, the marshaling instruction we reproduce in this opinion is law of the case. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009). We caution practitioners not to read this opinion as approving of the quoted instruction as the most accurate statement of the statutory elements for this offense.

reverse such a verdict on the basis of a defective or insufficient theory if one or more of the theories presented and described in the . . . jury instruction is sufficient to sustain the verdict on at least one count."); *cf. State v. Triplett*, No. 19-1902, 2021 WL 3074475, at *1 (Iowa Ct. App. July 21, 2021) (paraphrasing the statute as providing "we are *required* to affirm if at least one of the alternatives presented to the jury is supported by substantial evidence" (emphasis added)).

Coleman's challenge focuses on the third element, essentially conceding sufficient evidence supports the other four. He argues he "could not have formed the general intent to introduce contraband into a secure facility" because he "entered the unsecured portion of the jail that is open to the general public" and "did not know he was going to be staying because of a warrant for his arrest." We do not discern from this language or Coleman's briefing any challenge to the second alternative means of possession—that he "knowingly possessed contraband while confined" in the jail. "Failure to challenge one of the alternatives is tantamount to conceding substantial evidence supports that theory." *Triplett*, 2021 WL 3074475, at *1. And we could summarily affirm on that basis. We nonetheless explore the other alternative means of committing the third element, in the interest of completeness.

Iowa Code section 719.7(3)(a) criminalizes knowingly introducing contraband "into, or onto, the grounds of a secure facility for the detention or custody of juveniles, detention facility, jail, community-based correctional facility, correctional institution, or institution under the management of the department of corrections." The parties frame the issue here as whether the lobby area in which Coleman was arrested on the warrant was part of the "jail" and thus governed by

the statute.[3]  Section 719.7 does not define the term "jail," nor did the jury instructions, so we look to other official definitions and its common usage.  *See Schaefer v. Putnam*, 841 N.W.2d 68, 78 (Iowa 2013).

The department of corrections defines "jail" as "any place administered by the county sheriff and designed to hold prisoners for as long as lawfully required but not to exceed one year."  Iowa Admin. Code r. 201-50.1.  And the Iowa Code provides jails "shall be in the charge of the respective sheriffs and used as prisons" to hold those charged with offenses, to secure witnesses' attendance at trial of a criminal case, and to hold those under sentence or subject to imprisonment under city ordinances.  Iowa Code § 356.1.  According to a common dictionary definition, a jail is "a place of confinement for persons held in lawful custody," more specifically, "a place under the jurisdiction of a local government (such as a county) for the confinement of persons awaiting trial or those convicted of minor crimes." *Jail*, Merriam-Webster, https://perma.cc/K8L5-ADJD.  And *Black's Law Dictionary* gives a similar definition: "A prison; esp., a local government's detention center where persons awaiting trial or those convicted of misdemeanors are confined." *Jail*, *Black's Law Dictionary* (12th ed. 2024).

Although we can conceive of interesting hypotheticals—like how far afield of the jail proper this statute reaches in a shared county-office building—we think the record developed at trial provides a clear answer for this case because

---

[3] We recognize the marshaling instruction separates the question of whether the jail was a "correctional institution" from whether the offender knowingly introduced contraband into or onto the grounds of the jail.  Neither party slices the instructions so finely that this distinction matters, so neither do we.

witnesses repeatedly testified Coleman was in the "jail" both when he entered the building and when he was searched. Just a few examples:

> Q. And did Mr. James Coleman walk into the lobby or the first floor of the Black Hawk County Jail on that date? A. Yes, he did.
> . . . .
> Q. And did [a sergeant] seize an item from James Coleman during his search? A. Yes, during his search back in the intake area in the jail.
> . . . .
> Q. Now, there is surveillance recording equipment at the Black Hawk County Jail; is that correct? A. Yes.
> Q. And does that surveillance recording record the lobby or the first floor of the jail? A. Yes, it does.
> Q. And before you came to court, did you obtain a copy of the surveillance recording of the lobby from December 30, 2022, when Mr. Coleman arrived at the Black Hawk County Jail? A. Yes, I reviewed it.

A deputy also described the area with the signage we described earlier in this opinion as "the front door to the jail." From this evidence, a reasonable jury evaluating the marshaling instruction could and did conclude Coleman knowingly introduced contraband into or onto the grounds of a correctional institution—to wit, the Black Hawk County Jail.

Last, we observe our conclusion is generally in accord with the case law on this issue. For example, in *State v. Sanders*, we held a sally port was part of the "grounds" of a county jail. No. 19-0342, 2020 WL 1548505, at *2 (Iowa Ct. App. Apr. 1, 2020). And we are aware of at least one other-jurisdiction case affirming a conviction for bringing contraband into the lobby of a correctional institute. *See State v. Jones*, No. M1999-00851-CCA-R3-CD, 2000 WL 1843415, at *3 (Tenn. Crim. App. Dec. 14, 2000) (defendant left cocaine in women's restroom of county "criminal justice center" that housed detainees).

**AFFIRMED.**